Hart, J.
 

 The demurrer to the petition raises the question of relator’s qualifications to continue in office and calls for the interpretation and application of Section 4207, General Code, the pertinent portion of which is as follows:
 

 
 *379
 
 “Each member of council shall be an elector of the-city, shall not hold any other public office or employment, except that of notary public or member of the state militia, and shall not be interested in any contract, with the city. A member who ceases to possess any of the qualifications herein required, or removes from his ward, if elected from a ward, or from the city, if elected from the city at large, shall forthwith forfeit, his office.”
 

 It is urged by the relator that by the terms of the-above quoted section of the Code, his membership in the state militia exempts him from a forfeiture of his-office as councilman. He claims that his membership-in the state militia is established by Section 1, Article-IX of the Constitution, which provides: ‘ ‘ All white male citizens, residents of this state, being 18 years of age, and under the age of 45 years, shall be enrolled in the militia, and perform military duty, in such manner,, not incompatible with the Constitution and laws of the United States, as may be prescribed by law”; and also by Section 5176, General Code, which provides: “The militia of the state of Ohio shall consist of all able-bodied male citizens of the state who shall be more than 18 years of age, and, except as hereinafter provided, not more than 45 years of age.”
 

 In answer to this claim it is sufficient to say that if the relator’s employment in the armed forces of the United States is as a member of the state militia and nothing more, such membership would preclude a forfeiture of the office because of the exemption under the statute.
 

 This brings under consideration the other claim of the relator, to the effect that induction into the armed forces of the United States under the National Selective Service Act does not place him in public office or public employment. That one in military service does not hold a public office, unless he is a commissioned officer, may be considered settled.
 
 State, ex rel. Attorney
 
 
 *380
 

 General,
 
 v.
 
 Jennings,
 
 57 Ohio St., 415, 49 N. E., 404; 5 Corpus Juris, 309, Section 50.
 

 The crucial question then is whether service in the United States army constitutes public employment. This court holds that a fair interpretation of the plain language of the statute (Section 4207, General Code), .answers this question. The fact that the statute exempts members of the state militia from those engaged in public employment necessarily implies that service in the militia is public employment; otherwise, it would not have been necessary to make the exception. It 3oust follow that if service in the state militia is public employment, service in the armed forces of the United States constitutes public employment. It must also have been the legislative intent not to except from the ■operation of the statute those engaged in military service other than those in the service of the state militia. The doctrine of
 
 expressio unius est excl-usio alierius
 
 applies. The reason for this distinction may be found in the fact that there is a vital difference between service in the state militia and service in the military forces of the United States. Service in the former is incidental and casual, while service in the latter is exclusive and may require absence from the state.
 

 The term “employment” connotes service or that which engages one’s time or attention. It may be with or without compensation. Public employment means employment by some branch of government or body politic as contrasted with private employment. The military forces of the United States are a branch of the United States Government, recognized as such by the Constitution of the United States, and service in this department of government is known and recognized as public service or public employment. The compensation for such service is paid by the government from the national treasury. Private service or
 
 *381
 
 private employment could not be so paid or compensated.
 

 This court cannot question the purpose or propriety of the statute. It may Lave to do with the incompatibility of the public employment and councilmanic service, or with the inability of the person so employed to give attention to the duties of the office. In any event, the Legislature has spoken and it is the duty of this court to follow its mandate.
 

 Complaint is made that the relator had no notice of the proposed action of the council in declaring the office vacant. His engagement in other public service or public employment automatically brought about a forfeiture of his office. No action upon the part of ■council was necessary and, therefore, no notice was required.
 
 State, ex rel. Shank,
 
 v.
 
 Gard,
 
 8 C. C. (N. S.), 599, 19 C. D., 426, affirmed without opinion,
 
 State, ex rel. Shank,
 
 v.
 
 Gard,
 
 75 Ohio St., 606, 80 N. E., 1133. Council was authorized by Section 4236, General Code, to fill the vacancy caused by the forfeiture of the office. The demurrer to the petition is sustained and •ouster denied.
 

 Ouster denied.
 

 Weygandt, C. J., Turner, Williams, Matthias and Zimmerman, JJ., concur.