[No. 36249.   En Banc.   October 11, 1962.]

*In the Matter of* JOHN D. BARTEL, *Respondent,* v. EMPLOY-
MENT SECURITY DEPARTMENT, *Appellant.**

*Reported in 375 P. (2d) 154.

*The Attorney General, Paul J. Murphy* and *Charles E. Siljeg, Assistants,* for appellant.

*Sam Peach,* for respondent.

DONWORTH, J.—This is an appeal from a judgment in which the trial court, reversing a decision of the Commissioner of the Employment Security Department, held respondent to be "unemployed" within the meaning of RCW 50.04.310.

Respondent and his wife own and operate a small dairy farm in the vicinity of Everson, Washington. They own 120 acres of land, about half of which is cleared. Even the cleared portion is hilly and produces so little grass that respondent finds it necessary to buy hay for feeding his cattle eight months of the year.

At the time that this case was before the Appeal Tribunal of the Employment Security Department, respondent owned 35 head of stock, including calves, and was currently machine-milking 15 cows. The operation was relatively small and expenses were high. The gross annual income from the dairy was about $8,000 and the net income (as reported on respondent's income tax return the previous year) was $1,175.

Respondent's wife did most of the farm work, with major assistance from her son. When respondent was employed elsewhere, he spent a total of about three hours a day working on the farm. His job was feeding the cows, which took him one and one-half hours per feeding. The first daily feeding began at 5:00 a.m., and the second at 5:00 p.m. When he was laid off, he occasionally assisted his wife with other chores, as well.

Respondent had been a member of three unions. He was not primarily a farmer trying to learn a trade, but was primarily a wage earner attempting to supplement his income.

Respondent filed a claim for unemployment insurance

benefits on November 14, 1960, after having been laid off from employment with the Permanente Cement Company. His claim was denied, and was subsequently denied in two separate appeals within the Employment Security Department: First, to the appeal tribunal, and then to the commissioner.

Respondent then appealed to the superior court, which reversed the finding of the department and held that respondent was entitled to unemployment compensation. The Employment Security Department appeals from the decision of the superior court.

It is the position of appellant that respondent, during the period in question, was not unemployed, but was self-employed, and that an individual who is self-employed is not entitled to unemployment compensation.

The question presented by the facts of this case is: Can a person, who has been laid off from his job—which he considers primary both in terms of hours worked and income received—but who does some work at home, by means of which he earns a net income smaller than the amount of unemployment benefits to which he would otherwise be entitled, be considered to be "unemployed" within the meaning of the Employment Security Act?

Since this court has never before considered the above question, we feel that it merits a fairly extended discussion.

In 1953, the attorney general was presented, in the abstract, with the question whether, under our Employment Security Act, a person who is self-employed is eligible for unemployment compensation. The attorney general replied on December 31, in A. G. O. 53-55 No. 189, as follows:

"We have your letter of November 30, 1953, in which you inquire as to the benefit rights under the Employment Security Act of individuals who are in some form of self-employment. You request an opinion on the following specific questions:

"(1) Under the provisions of the Employment Security Act may an individual be considered both 'self-employed' and 'unemployed'?

"(2) If the answer to question (1) is in the affirmative, what criteria must be used in ascertaining whether or not

a particular self-employed individual is entitled to benefits under the act?

"In our opinion it seems evident, in the abstract, that these terms must be considered to be mutually exclusive. Thus, if a person is self-employed within the meaning of the Employment Security Act, he is not eligible for benefits.

"The term 'self-employed' is not defined in the statute. It is our considered opinion that the issue of whether or not a particular claimant is self-employed within the meaning of this act, is a question which may only be resolved by analysis of the facts in each individual case.

"ANALYSIS

"The Employment Security Act defines the term 'unemployed' in RCW 50.04.310 which provides as follows:

" 'An individual shall be deemed to be "unemployed" in any week during which he performs no services and with respect to which no remuneration is payable to him, or in any week of less than full time work, if the remuneration payable to him with respect to such week is less than his weekly benefit amount. The commissioner shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to such types of unemployment as the commissioner deems necessary.'

"In the preamble of the act, section 2, chapter 35, Laws of 1945, the legislature declared

" ' . . . this act shall be liberally construed for the purpose of reducing involuntary unemployment . . . to the minimum.'

"That benefits under the Employment Security Act are to be regarded as insurance benefits rather than public assistance awards is well recognized. RCW 50.20.130 provides for an $8.00 weekly incentive to persons who accept part-time employment which pays less than their weekly benefit amount. The rule is stated in 81 C. J. S. 240, Social Security and Public Welfare, § 156, as follows:

" 'The eligibility of an employee for unemployment compensation ordinarily does not depend on his economic needs or on the nonexistence of other means of support.'

"RCW 50.20.010 (1953 Supp.) provides that an unemployed individual shall be eligible to receive benefits under the act if the commissioner finds that he meets five listed conditions precedent. The most significant conditions are that the applicant must be unemployed and available for work. In *Hermsen v. Employment Security Department,* 39 Wn. (2d) 903, the court said:

" 'To be available for work, an unemployed individual must be "ready, able, and willing, immediately to accept any suitable work which may be offered to him and *must be actively seeking work*".' (Italics by Court)

"This brings us back to the crucial inquiry, namely: What type of activity may an applicant engage in and still be considered unemployed within the meaning of the statute. It is manifest that an applicant must not engage in activities which will render him unavailable for work within the statutory definition. The term 'self-employment' is not defined in the act. RCW 50.20.080 (1953 Supp.) provides in part as follows:

" 'An individual is disqualified for benefits, if the commissioner finds that he has failed without good cause, either to apply for available, suitable work when so directed by the employment office or the commissioner, or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed by the commissioner. . . .'

"The context in which the term 'self-employment' is used in this section strongly suggests that the legislature regards the status of being self-employed as incompatible with the status of being unemployed. This brings us to the ultimate issue: What activity may a person engage in without attaining the status of being self-employed? In *People v. Nest,* 128 P. (2d) 444, the court pointed out that the California act defines 'employment' as services performed for wages or under any contract of hire. It appeared that the defendant in a criminal proceeding under the fraud provisions of the act was in the clothing business which produced no profit. Hence the court held him to be still unemployed within the meaning of the act. In *Phillip v. Michigan Unemployment Commission,* 35 N. W. (2d) 237, the Michigan court reached the opposite result under similar facts. The court held that the fact of self-employment as an attorney precluded the claimant from being unemployed under the unemployment compensation act although he alleged that he had derived no net income from his practice. *Slocum Straw Works v. Industrial Commission,* 286 N. W. 593, was a Wisconsin decision involving the same issue. The court held the fact that a woman applicant did the cooking and housework for her father with whom she and her family lived constituted 'customary self-employment' within the meaning of the Wisconsin act even though her only compensation consisted of a rent-free house in which to live.

*Dellacroe v. Industrial Commission,* 138 P. (2d) 280, 146 A. L. R. 745, involved the claim of an unemployed coal miner. The Colorado court held the claimant, who was a co-owner of a farm on which he performed no labor and with respect to which he had no voice in the management, had no 'customary self-employment' to resume, and was therefore eligible for benefits. *Claim of Emery,* 120 N. Y. Supp. (2d) 142, was a 1953 case in which the court flatly stated that one who is self-employed is not unemployed within the meaning of the statute. The New York Act does not define 'unemployed'. The court held that notwithstanding an express finding that the claimant was available for work at all times, that his activities in operating a liquor store precluded him from being considered unemployed under the act.

"Analysis of these cases is not helpful in formulating a rule. None goes any farther than to decide that under these facts this claimant was, or was not, eligible for benefits. It is our conclusion that 'unemployment' and 'self-employment' are mutually inconsistent terms under the Employment Security Act. Whether or not a particular claimant is self-employed within the meaning of the act is a question of fact to be determined by the administrators of the act. In resolving this issue the following considerations appear to be pertinent but should not be considered to be exclusive:

"(1) Availability of applicant for resumption of regular employment.

"(2) Hours per week devoted to activity in question.

"(3) Net income earned from such activity.

"(4) Nature of regular employment.

"(5) Does the applicant engage in the same activities during the course of his regular employment and, if so, to what extent?

"Having in mind the provision in the preamble of the act prescribing a liberal construction, it would appear that many instances of activities engaged in by applicants during periods of unemployment may properly be regarded as appropriate situations for the application of the *de minimis* rule, that is to say, 'the law takes no notice of trivial things.' "

We agree, in general, with the analysis in the foregoing attorney general's opinion. The question to be decided is whether, in this case, respondent's work on his dairy farm was of such a nature as would deprive him of unemployment

benefits. To put it in terms of the question asked of the attorney general, can he be said to have been "self-employed"?

█ It should be noted that the answer to each of the five "considerations" listed in the attorney general's opinion is favorable to respondent. He was available for work. He devoted only three hours per day to his activities on the farm, and those were before and after normal working hours. His net weekly income, even on a pro-rata basis over a full year, was less than the weekly benefit amount under the Employment Security Act. Furthermore, it is arguable that only a portion of that income is attributable to respondent, since his wife and son did most of the work. Finally, with regard to the last two related considerations, his farm activities were of an entirely different nature from his regular employment, so that there was no question of competition with his regular employer.

In a case which appellant admits is closer to the instant case, in its factual situation, than any other reported case, the Supreme Court of Utah held that the claimant was unemployed and was eligible for benefits. *Johnson v. Board of Review of Industrial Com'n,* 7 Utah (2d) 113, 320 P. (2d) 315 (1958).

In that case, upon circumstances substantially the same as in the case at bar, the court said:

"We are in accord with the authorities relied upon by the Commission which hold that, under usual circumstances, one who is engaged in self-employment as an occupation is not 'unemployed' within the meaning of the Act, and it is undoubtedly true that the Act was not intended to discriminate against other businesses by subsidizing self-employment enterprises.

"Conceding the above principles, there yet exists a critical problem in the instant case as to what extent an employed person might make some industrious use of his spare time for the benefit of himself and family before he is rendered ineligible for benefits should he lose his regular job.

"Although the term 'self-employed' is nowhere defined in the Act, Sec. 35-4-22 (m) (1), U. C. A. 1953 defines the word 'unemployed' as follows:

" 'an individual shall be deemed "unemployed" in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him . . . are less than his weekly benefit amount.'

"Section 35-4-22 (p) defines wages as:

" 'All remuneration for personal services, including . . . the reasonable cash value of any remuneration in any medium other than cash. . . .'

"Thus, applying the above statutes to one who is engaged in part time farming, it would seem that the farmer should be considered 'unemployed' and eligible for benefits when the income from his farm operation is less than the weekly unemployment benefit amount he would receive under the Act. This does not mean that he would be entitled to the entire weekly benefit amount, but rather under Sec. 35-4-3 (c), his weekly income from his own efforts, less $6.99 per week, would be deducted from the weekly benefit amount. This conclusion is in conformity with the policy of the Act, as discussed above. Since it was designed to provide minimum sustenance to the unemployed individual, one receiving less than his 'weekly benefit amount' should be considered eligible, whether employed by another or self-employed.

"The only part of the Act which specifically refers to self-employment is Sec. 35-4-5 (c) U. C. A. 1953 which provides:

" 'An individual shall be ineligible for benefits . . . if the commission finds that, being unemployed and otherwise eligible for benefits, he has failed without good cause, . . . to return to his customary self-employment (if any) when so directed by the commission.'

"The plain purpose of this section was to prevent a person with a potential source of income from sitting back, idly twiddling his thumbs, and collecting unemployment compensation. Since the Act fails to define self-employment, the Commission, under power granted it to prescribe regulations in reference to partial and total unemployment, has adopted a rule that one who engages in any calling, business or profession which is potentially profitable so that it may add substantially to his income, is self-employed and therefore not 'unemployed.' Such regulation seems reasonable and necessary. However, in light of the policy considerations previously discussed and the definition of the term 'unemployed' as contained in the Act, it should not be so

applied to entirely bar recovery to an individual who, upon being involuntarily unemployed from his regular job, attempts to engage in an independent calling but fails to earn as much income as his weekly benefit amount otherwise would be. Of course in either case, the individual claiming benefits must hold himself available for any employment that would pay greater income, just as Mr. Johnson did in the instant case. Under such circumstances the income from self-employment should be taken into account, just the same as though the applicant were employed by another, and if his income does not reach his weekly benefit amount, he should be allowed the difference. As previously mentioned, other business is not to be discriminated against in favor of self-employment by allowing compensation in the latter and denying it in the former; by the same token, where only partial income is available from either source, we can see no reason why benefits should be allowed to one partially employed by another but denied if he works for himself. That would subsidize working for others and penalize self-employment, and if self-employment were followed, would not fulfill the purposes of the Act.

"It is also recognized that a fair administration of the act requires the department, in determining the income from self-employment, to allocate the potential income over the period it was earned even though not actually received then. Farming is a good example. That most of the farm produce may be harvested and sold in the fall, would not mean that the farmer should be considered as having no income in the other seasons. In this and other occupations, if such allocation were not allowed, the self-employed person could defer the actual receipt of income, or deliberately manipulate it, so as not to receive it during the benefit period."

Appellant contends that the above case

". . . should have no applicability to the case at bar for two reasons. First, because the opinion in that case fails to reflect any Utah statute or regulation comparable to Employment Security Department Rules and Regulations, Regulation 14, *supra*. Secondly, even though it recognizes that the terms 'unemployed' and 'self-employed' are inconsistent, it fails to give full effect to that proposition."

As to the latter contention, it is sufficient to say that a person in respondent's circumstances may be treated as

*not* self-employed—perhaps he is "partially self-employed" —for the purpose of determining whether he is unemployed within the meaning of the Act.

As to the former contention, the regulation referred to by appellant says, in part:

" ' . . .

" '1 (b) A partially unemployed individual is one who during a particular week earned some remuneration but less than his weekly benefit amount, was employed by his regular employer and worked less than his normal customary full hours for such regular employer because of lack of full-time work.' "

■ RCW chapter 50.04 contains no requirement that a partially unemployed person be employed by the same employer as before. Furthermore, the statute does not empower the commissioner of the Employment Security Department to adopt additional requirements for eligibility for unemployment benefits, but only to prescribe procedural regulations. To the extent that the regulation would make ineligible for benefits a person who is eligible for benefits under the statute, that regulation is void.

There is nothing to interfere with the applicability of the reasoning in the Utah case to the case at bar.

We think that application of the Utah rule would best effectuate the purposes of the Employment Security Act. Such a rule will tend to encourage unemployed persons to attempt to supplement their incomes (1) by letting them know that the very attempt to supplement their incomes will not automatically cut off their unemployment benefits, and (2) by providing them some income to fall back on in case they are not successful enough to earn as much as they would have received in unemployment compensation had they made no such effort. To the extent that such persons are successful in supplementing their incomes— even if by less than the amount of benefits to which they otherwise would be entitled—the expense of the unemployment security program would be reduced.

We do not purport to base our decision upon the weight of authority, but upon what we regard as the better rea-

soned interpretation of our statute. For contrary authority, see *Hatch v. Employment Sec. Agency,* 79 Idaho 246, 313 P. (2d) 1067, 65 A. L. R. (2d) 1174 (1957). For a general discussion of the question, see Annotation, 65 A. L. R. (2d) 1182 (1957).

■■ This decision is not to be construed as standing for the proposition that all persons who are laid off, and who are relatively unsuccessful in their self-employment endeavors (*i.e.* they make less than the weekly benefit amount to which they would have been entitled), are considered to be unemployed, or partially unemployed, and entitled to receive the difference between the amount they make and the benefits to which they otherwise would have been entitled. Each case must be decided upon its own circumstances. Of course, the requirements of the statute would have to be met, and all relevant factors would have to be considered.

We do hold that a person is not automatically ineligible for unemployment compensation simply because he engages in some remunerative activity of a personal or self-directed nature. Respondent, at the time in question in this case, was unemployed within the meaning of RCW 50.04.310. He was entitled to receive the difference between his weekly income from the dairy farm, pro-rated over the entire year, and the weekly benefit amount to which he would have been entitled had he earned no income from his self-directed endeavors.

The judgment of the trial court is affirmed.

It is stated in respondent's brief that the parties have agreed that $750 is a reasonable sum to be allowed for legal services in connection with this appeal in addition to the amount awarded him therefor by the trial court. Respondent is to be awarded this sum together with taxable costs.

ALL CONCUR.