[No. 2805-1. Division One. February 9, 1976.]

RICHARD F. KENNA, *Respondent*, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, ET AL, *Appellants*.

*Slade Gorton, Attorney General,* and *Rudy Tollefson* and *Joseph M. Littlemore, Assistants,* for appellants.

*Don Minor, P.S.,* and *Tom Bigsby,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

This case is before us on an appeal brought by the Employment Security Department for the State of Washington (the Department) from a judgment of the Superior Court holding Richard F. Kenna (respondent) eligible for unemployment benefits under the Employment Security Act, RCW Title 50.

The Superior Court in so holding reversed the Department which had ruled respondent ineligible for benefits on the basis of its conclusion that he was self-employed.

The initial denial of respondent's claim was contained in a determination notice from an unemployment compensation representative of the Department. Respondent pursued his administrative remedies through the Department, and certain misunderstandings which were incurred at the time of the initial determination were corrected in the administrative proceedings. The decision of the Department that respondent was ineligible for benefits remained the same, however.

The facts found by the Department's appeal tribunal and affirmed by its acting commissioner, together with uncontroverted evidence introduced at the hearing before the appeal tribunal, established the following.

Respondent was laid off work through no fault of his own. He thereupon sought employment in two ways. He made contact with prospective corporate employers endeavoring to obtain a salaried position (and remained willing and able to accept such employment had he been able to find any) and, simultaneously, made various contacts aimed at establishing a business of his own.

Respondent's efforts to establish his proposed enterprise included endeavoring to find out what the market was like and contacting a lawyer, an accountant, potential investors, an equipment supplier, a bank, and the Small Business Administration (SBA).

By the time of the hearing before the appeals tribunal, a corporate name had been reserved but no corporation organized. The accountant had done some preliminary work and some equipment had been promised in exchange for an interest in the business if the prospects materialized. Potential investors, a bank and the SBA had expressed interest in the enterprise but no investments or loans had been finalized. The projected business was not yet functioning and respondent had earned nothing from it.

In all of his dealings with the Department, respondent expressed enthusiasm about the chances for the success of his planned venture.

The essence of the Department's position in denying respondent's claim is contained in the following conclusion of law rendered by the appeal examiner:

> The [respondent] must be treated, under the circumstances, as a self-employed individual, promoting the incorporation of a business venture in which he has a great deal of experience and knowledge. Very much like a commission salesman he is in full command of his hours, puts in as much or as little time as he feels necessary to achieve his goal of SBA financing, and if successful he will be substantially rewarded by receipt of a controlling interest in a going concern.

## ISSUE

This case turns on a single issue.

That issue is whether a person who, upon losing a job and seeking to set up a self-employment enterprise, by such action alone thereby becomes self-employed and ineligible for unemployment benefits under the Employment Security Act of this State.

## DECISION

CONCLUSION. An unemployed person who actively seeks

self-employment by trying to set up his or her own business is not by such action rendered self-employed and ineligible for unemployment compensation, as long as the establishment of the new business remains contingent and the other conditions precedent to receiving benefits under the Employment Security Act are met. The other conditions precedent which must be met include the unemployed person also actively seeking other work and being ready, able, and willing to accept any other suitable work which may be offered.

The issue presented in this case must be resolved against a background of what an "unemployed person" is and what a "self-employed person" is within the contemplation of the Employment Security Act, RCW Title 50. These concepts were discussed in the case of *Bartel v. Employment Security Dep't*, 60 Wn.2d 709, 375 P.2d 154 (1962). The rules therein established, the basis for those rules, and the statutes involved are summarized as follows:

1. There are two definitions of "unemployed person" in the Employment Security Act (hereinafter the Act.[1] These are contained in RCW 50.04.310[2] and RCW 50.20.010[3] These

---

[1] The record in the present case establishes that it is the practice of the Department to consider a person unemployed who meets the requirements of either definition.

[2] "An individual shall be deemed to be 'unemployed' in any week during which he performs no services and with respect to which no remuneration is payable to him, or in any week of less than full time work, if the remuneration payable to him with respect to such week is less than one and one-third times his weekly benefit amount plus five dollars. The commissioner shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to such types of unemployment as the commissioner deems necessary." RCW 50.04.310.

[3] "An unemployed individual shall be eligible to receive waiting period credits or benefits with respect to any week in his eligibility period only if the commissioner finds that (1) he has registered for work at, and thereafter has continued to report at, an employment office in accordance with such regulation as the commissioner may prescribe, except that the commissioner may by regulation waive or alter either or both of the requirements of this subdivision as to individuals attached to regular jobs and as to such other types of cases or situations with respect to which he finds that the compliance with

two statutes have been changed since this case arose, but since the changes are not material to this dispute, these two statutes are set out in the margin in their present form to avoid unnecessary confusion. *See* footnotes 2 and 3.

2. As a general rule, one who is engaged in self-employment as an occupation is not an "unemployed person" within the meaning of the Act, since the Act is not intended to discriminate against other businesses by subsidizing self-employment enterprises.

3. The term "self-employment" is not defined in the Act. Whether a person is self-employed within the meaning of the Act is a question of fact to be determined in each case. The following considerations, although not exclusive, are pertinent in making such a determination:

a. Availability of the unemployment compensation applicant for resumption of regular employment;

b. hours per week devoted to the activity in question;

c. net income earned from such activity;

d. nature of regular employment; and

e. does the applicant engage in the same activities during the course of his regular employment and, if so, to what extent?

4. An exception to the general rule that self-employed persons will not be considered as unemployed under the

---

such requirements would be oppressive, or would be inconsistent with the purposes of this title;

"(2) he has filed an application for an initial determination and made a claim for waiting period credit or for benefits in accordance with the provisions of this title;

"(3) he is able to work, and is available for work in any trade, occupation, profession, or business for which he is reasonably fitted. To be available for work an individual must be ready, able, and willing, immediately to accept any suitable work which may be offered to him and must be actively seeking work pursuant to customary trade practices and through other methods when so directed by the commissioner or his agents; and

"(4) he has been unemployed for a waiting period of one week.

"An individual's eligibility period for regular benefits shall be coincident to his established benefit year. An individual's eligibility period for additional or extended benefits shall be the periods prescribed elsewhere in this title for such benefits." RCW 50.20.010.

Act, is the situation contemplated by RCW 50.04.310 (see footnote 2). That is, a person considered as an unemployed person under the statute is not automatically ineligible for unemployment benefits simply because he or she engaged in some remunerative activity of a personal or self-directed nature. Income from such an activity is, under the formula contained in that statute, deducted from the benefit amount to which the worker would otherwise be entitled had the worker earned no income from his or her self-directed venture. A principal reason for this exception to the general rule is to encourage unemployed workers to supplement their incomes without automatically cutting off their unemployment benefits so that to the extent they are successful in supplementing their incomes, the expense of the employment security program is reduced.

We turn from the principles stated in *Bartel* to the facts of the present case.

It would seem that the act of *seeking* self-employment bears the same relation to *self-employment* that an egg bears to a chicken. In each instance the former may well become the latter, but first it must hatch.

Granting full credence to the high hopes respondent expressed for his proposed new enterprise, the reality was that at all times herein it was in a purely embryonic stage. At the time the Department adjudicated respondent to be self-employed, the establishment of the proposed business was still contingent. Respondent was not soliciting or accepting orders and was not in any position to fill them had he done so. The commissioned salesman analogy expressed in the appeals examiner's conclusion of law above quoted was, therefore, fallacious.

The mandate of the legislature in enacting the Employment Security Act, was that it "shall be *liberally construed* for the purpose of reducing involuntary unemployment and the suffering caused thereby to the minimum." (Italics ours.) RCW 50.01.010.

There is nothing in the Act that prohibits an unemployed person from endeavoring to set up his or her own

business while retaining eligibility for benefits under the Act, as long as such activity does not infringe upon the other requirements of the Act. As long as the projected enterprise remained contingent, there was no performing of "services" as contemplated by RCW 50.04.310 (*see* footnote 2). *See Skrivanich v. Davis*, 29 Wn.2d 150, 161, 186 P.2d 364 (1947).

The policy of the law is as well served by a worker who is able to get off the unemployment rolls by establishing his or her own business as it is by one who does so by getting a job with another employer. In both instances, unemployment is reduced and the suffering caused thereby is minimized.

It is our holding that a person seeking self-employment which is still contingent is not thereby barred from receiving unemployment benefits under the Act providing that he or she satisfies the conditions precedent of the Act (*see* footnotes 2 and 3) including the active seeking of other work and being ready, able, and willing to accept any other suitable work offered.

Although invited by both parties to do so, we have not based our holding herein on an application of the five criteria for determining the existence of self-employment established in *Bartel v. Employment Security Dep't, supra,* and which are set out above, although the facts here set out are such that had we done so, we undoubtedly would have reached the same conclusion. Our reasons for deciding this case on the basis stated are twofold.

First, *Bartel* deals with a different situation, namely, to what extent an unemployed person can supplement his or her income before being considered self-employed and ineligible for unemployment compensation benefits under our statutes. We would be indulging in circuitous reasoning by trying to state the rule applicable to one *seeking* self-employment, as here, in terms of what *self-employment* is as in *Bartel*.

Second, and more important, the five criteria set out in *Bartel* are unsatisfactory for use in a case of the kind

at bar. *Bartel* establishes what has been referred to as "a rule of flexibility . . ." 38 Wash. L. Rev. 406, 409 (1963). As the court said in *Bartel*, as applied to cases of the kind there presented, "[e]ach case must be decided upon its own circumstances." *Bartel v. Employment Security Dep't, supra* at 719. While the criteria set forth in *Bartel* are admirable in resolving the situation there involved, they are not in the present case. It is to the benefit of the unemployed person, as well as in accord with the liberal interpretation mandated by the legislature, that a rule of greater certainty be established in the present instance. This we have endeavored to do. Considering all of the other problems besetting unemployed workers, they should not be required on the one hand to actively seek work, as they must, while at the same time running the risk of being declared ineligible for benefits whenever it appears to the Department as though their efforts in that regard might be successful—as has happened to the respondent in the present case.

Administrative proceedings of the Employment Security Department of this State are reviewed by the courts in accordance with the provisions of the administrative procedure act, RCW 34.04. *Willard v. Employment Security Dep't*, 10 Wn. App. 437, 442, 517 P.2d 973 (1974); *Tunget v. Employment Security Dep't*, 78 Wn.2d 954, 955, 481 P.2d 436 (1971).

For the reasons herein stated, the Department's conclusion that the respondent was a self-employed person and its decision to deny him unemployment benefits for that reason were clearly erroneous in view of the entire record as submitted and the public policy contained in the Employment Security Act. RCW 34.04.130(6)(e).

The judgment of the Superior Court reversing the Department's decision and upholding respondent's eligibility for unemployment benefits is affirmed.

Pursuant to RCW 50.32.160 respondent is awarded $500

attorney's fee on this appeal in addition to his taxable costs herein.

JAMES and SWANSON, JJ., concur.