HERBERT M. SCHALL, APPELLANT, v. THE STATE OF NEVADA, EX REL. ITS DEPARTMENT OF HUMAN RESOURCES, RESPONDENT.

No. 9217

September 29, 1978                    587 P.2d 1311

*Laub, Clark & Hall, Ltd.,* Reno, for Appellant.

*Robert List,* Attorney General, and *Shirley Smith,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:* .

This appeal is from an order of the district court affirming the decision of the Nevada State Personnel Advisory Commission to terminate the employment of Dr. Herbert M. Schall, a psychologist for Reno Mental Health Center.[1] The hearings officer for the Commission supported the recommended termination of Dr. Schall on the ground of disgraceful personal conduct. The district court found that the evidence did not support a finding of disgraceful personal conduct, but proceeded to sustain the dismissal on the ground that his activity was incompatible with employment, a charge that had never been asserted against him.

1.    The hearings officer found that Dr. Schall had discussed his personal matters with patients, sometimes causing them to be upset. This, the officer characterized as disgraceful personal

---

[1]Reno Mental Health Center is an agency of the State of Nevada, Department of Human Resources, Division of Mental Hygiene and Mental Retardation.

conduct justifying termination. The phrase "disgraceful personal conduct" is not defined in the Rules of Personnel Administration. We assume that "disgraceful" carries the connotation of shameful or dishonorable. The ancient case of Polson v. Polson, 39 N.E. 498, 499 (Ind. 1895) noted that the words disgraceful, detestable, odious, scandalous, base, vile, shameful, ignominious are given by Webster as synonyms of infamous. There is absolutely nothing in the evidence presented to the hearings officer to even remotely suggest disgraceful personal conduct on the part of Dr. Schall, and we affirm the district court determination in this regard.

2. The central question tendered to us is whether the district court was empowered to sustain Dr. Schall's dismissal for a reason never asserted against him. We believe it clear that the court lacked such authority. The expression of this court in Nevada Tax Com. v. Hicks, 73 Nev. 115, 135, 310 P.2d 852 (1957) is on point. We there stated: "Since what the commission has treated as the major offenses are without substantial evidentiary support, we feel that our proper course is to reverse the commission, accepting the apparent basis to be the true basis of its action."

3. We order the reinstatement of Dr. Schall with all accrued back pay and rights, less the amount he has earned in gainful employment since dismissal. He also is entitled to interest on monies due him, his costs below and on appeal. Stevens v. Hocker, 91 Nev. 392, 536 P.2d 88 (1975); Hardison v. Carmany, 88 Nev. 670, 504 P.2d 1 (1972).

Reversed.