STATE OF NEVADA ON RELATION OF THE EMPLOY-MENT SECURITY DEPARTMENT, APPELLANT, v. EDWARD TAYLOR, RESPONDENT.

No. 14156

June 26, 1984                                    683 P.2d 1

*Robert Manley,* Reno, for Appellant.

*Stephens, Kosach, Knight & Edwards,* Reno, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment ordering appellant Nevada State Employment Security Department to reinstate respondent employee and awarding him full back pay and benefits. We agree with the district court's determination that there was no reasonable connection between the conduct for which respondent was terminated and his job performance, and we affirm the judgment. However, we remand to the district court so that the award of back pay and benefits may be reduced by the amounts earned by respondent from other employment since his termination.

Respondent was employed at the Equal Employment Opportunity Department ("EEO") of appellant agency, where his duties included investigating complaints of employment discrimination. In April, 1976, he initiated a request to have his job classification changed and his grade raised. Personnel Analyst Renate Daniels conducted a study and recommended against raising respondent's grade. After a second study reached the same conclusion, respondent requested a hearing before the Personnel Advisory Commission. The hearing was held on May 19, 1977, and respondent expressed his belief that Daniels' study had not been fairly conducted and that he was the victim of discrimination. The matter was again discussed before the Commission on August 25, and before several officials of appellant agency on September 19. However, the focus was no longer on respondent's request to have his grade raised but rather on the allegations he had made at the May 19 hearing. Pressed to explain the basis for his allegations of unfairness, respondent became angry and sarcastic. On October 24, 1977, respondent's employment was terminated.

The notice of dismissal stated that respondent was being dismissed due to the following violations of Rule XII of the Rules for Personnel Administration:

(a) Disgraceful personal conduct which impairs job performance or causes discredit to the agency,

(b) Incompetence or inefficiency,

(c) Discourteous treatment of the public or fellow employees while on duty, and

(d) Dishonesty.[1]

Respondent filed a petition for judicial review of the agency's action. The district court remanded to the Commission for a de novo hearing; the Commission upheld respondent's dismissal. A second petition for judicial review resulted in the decision which is being appealed.

In reviewing the decision of an administrative agency this court, like the district court, is limited to determining whether the agency has acted arbitrarily or capriciously. McCracken v. Fancy, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). The question is whether the agency's decision was based on substantial evidence. Id.; NRS 233B.140(5). The district court determined that the evidence did not support the reasons given for respondent's termination; nor was there a reasonable nexus between the conduct for which respondent was terminated and his qualifications for his position. Our review of the record leads us to agree with the district court.

The charges against respondent all arise from his conduct at the May 19 and August 25 meetings. We do not doubt that respondent's conduct was inappropriate, and some disciplinary action may have been warranted. Nevertheless, it does not follow, as appellant claims, that respondent's behavior at the meetings denoted his unfitness for the position he held. Appellant agency contends that respondent demonstrated a lack of "the ability to exercise [the] tact and judgment [that] are probably the most essential elements of the duties and responsibilities of an EEO officer in the Employment Security Department." The record shows, however, that respondent continued to perform his duties in a competent and satisfactory manner after the meetings.

Neither can respondent's conduct be properly characterized as "discourteous treatment of the public or fellow employees while on duty." The district court found that the incidents occurred while respondent was appearing on his own behalf regarding his advancement within appellant agency. There is no evidence of any lack of courtesy by respondent to the public or fellow employees during the performance of his duties or indeed at any time except at the two meetings.

The record also shows that respondent was never notified

---

[1]These reasons constitute some of the causes for "appropriate disciplinary or corrective action" enumerated in Section D of Rule XII.

that his conduct could result in his dismissal; not until September 19 was he informed that some type of disciplinary action was being contemplated. Section A of Rule XII of the Rules for Personnel Administration provides that if an employee's conduct comes under one of the causes for action listed in Section D, the employee must be promptly informed of his deficiencies. Moreover, except when the seriousness of the offense warrants, dismissal is proper only after other forms of disciplinary action have proved ineffective.[2] Rule XII (C). No disciplinary measures were taken against respondent until he was terminated. Appellant's failure to attempt to remedy the situation by means short of dismissal was clearly contrary to Rule XII.

Consequently, the facts disclosed by the record do not support the charges against respondent. We agree with the district court that there was no connection between respondent's conduct at the May and August meetings and his qualifications for his position, and that respondent was wrongfully discharged.[3] Accordingly, we affirm the district court's judgment reinstating respondent in his position with appellant agency along with back pay and benefits. However, the award of back pay and benefits should be reduced by the amounts respondent earned from other employment after he was terminated. *See* Schall v. State ex rel. Dep't Human Res., 94 Nev. 660, 587 P.2d 1311 (1978). We remand to the district court for modification of the award of back pay and benefits in accordance with this opinion.

[2]NRS 284.383, which was enacted in 1979 and thus was not in effect at the time of respondent's termination, requires the personnel commission to adopt a system under which more severe measures are applied only if less severe measures have failed to correct the employee's deficiencies.

[3]The district court also determined that respondent had been terminated for conduct falling within the scope of first amendment protection. In light of our conclusion that respondent's conduct did not provide sufficient cause for his termination, we do not need to reach the constitutional issue.