# NEVADA EMPLOYMENT SECURITY DEPARTMENT, Appellant, v. KRASIMIR NACHEFF, Respondent.

## No. 18317

July 14, 1988                                          757 P.2d 787

*Crowell, Susich, Owen & Tackes,* Carson City, for Appellant.

*Jon L. Sasser,* Carson City, and *Justin M. Clouser,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Krasimir Nacheff was absent from his job as a driver for Las Vegas Ice & Cold Storage for nine consecutive working days. On July 7, 1986, the first day of his absence, Nacheff contacted his employer prior to his scheduled work time and left a message that

he was not feeling well and would not come to work. Nacheff did not contact his employer or come to work on the following two days.

Nacheff called his employer again on July 10, 1986, but his supervisor was not available. Nacheff left a message requesting that his supervisor contact him, but did not mention his illness or absence from work. Nacheff left similar messages on July 11 and 14, but his employer did not return any of his calls. July 12 and 13 were Nacheff's scheduled days off. Nacheff neither contacted his employer nor came to work on July 15 and 16. On July 17 Nacheff picked up his paycheck at his employer's office. When he called his supervisor later that day, Nacheff was told he had been terminated. Nacheff's supervisor did not state a specific reason for terminating him, and Nacheff did not receive a written notice of termination.

Nacheff described the illness that caused his absence from work as a lung problem caused by frequent going into and out of coolers on the job. He did not seek medical attention out of fear of the expense.

Nacheff applied for unemployment compensation, checking the box marked "laid off, lack of work," as the reason for separation. Nacheff said he knew he had been fired, but explained that he did not understand English well and did not understand the word "discharged" on the application form. Since there was no choice for "fired" or "terminated," he checked the box marked "laid off." English is Nacheff's second language. He was born in Bulgaria, but has lived in the United States since 1976 and has been an American citizen since 1982. He did not ask for assistance in filling out the form. Nacheff received one unemployment insurance payment of $171.00.

After receiving the employer's statement regarding Nacheff's termination, the Nevada Employment Security Division (ESD) found Nacheff ineligible for benefits and ordered him to repay the benefits he had already received. The ESD determined that Nacheff had been terminated from his employment due to industrial misconduct and that he had misrepresented the reason for his separation on his benefit application. A hearing was held, at which the employer did not present evidence. The appeals referee upheld the ESD determinations. The Board of Review declined to review the case, thus affirming the referee's decision.

Nacheff sought judicial review, and on June 11, 1987, the district court entered an order reversing the administrative decision and reinstating Nacheff's benefits. The court found that the record lacked substantial evidence to support the determinations of misconduct and misrepresentation, and that those determinations were therefore arbitrary and capricious. This appeal followed.

Under the standard of review for appeals from the ESD, if the factual findings of the agency are supported by evidence, they are conclusive, and a reviewing court's jurisdiction is confined to questions of law. NRS 612.530(4). "[I]n reviewing the decision of an administrative agency, the district court is limited to a determination of whether the board acted arbitrarily or capriciously." Leeson v. Basic Refractories, 101 Nev. 384, 385, 705 P.2d 137, 138 (1985) (citations omitted). "[T]he question is whether the board's decision was based on substantial evidence; neither this court nor the district court may substitute its judgment for that of the administrative agency." Id. at 385-86, 705 P.2d at 138 (quoting State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984)).

The appeals referee denied Nacheff benefits pursuant to NRS 612.385 because she found that Nacheff had been discharged for misconduct connected with his work. We have previously explained that "[c]arelessness or negligence on the part of the employee of such a degree as to show a substantial disregard of the employer's interests or the employee's duties and obligations to his employer" are considered NRS 612.385 misconduct. Barnum v. Williams, 84 Nev. 37, 41, 436 P.2d 219, 222 (1968) (citing Boynton Cab Co. v. Neubeck, 296 N.W. 636 (Wis. 1941)). "[A]n employee is guilty of misconduct if he unreasonably fails to give his employer notice of his anticipated absence or tardiness." Kraft v. Nev. Emp. Sec. Dep't, 102 Nev. 191, 194, 717 P.2d 583, 585 (1986) (citations omitted). "[I]t is the duty of the employee to have regard for the interests of his employer and for his own job security, and to act as a reasonably prudent person would in keeping contact with his employer. . . ." Id. (quoting Doran v. Employment Security Agency, 267 P.2d 628, 630 (Idaho 1954)).

The record shows that Nacheff gave his employer notice of his illness and inability to come to work on July 7. However, Nacheff did not present himself for work on the following two days, and did not notify or attempt to notify his employer that he would be absent on those days. Nacheff's absence from work for two consecutive days, without giving his employer notice or making reasonable attempts to give notice, clearly constitutes NRS 612.385 misconduct. Having found misconduct in Nacheff's failure to give notice of his July 8 and 9 absences, we need not address Nacheff's contentions that his supervisor's failure to return his calls or to give him a work schedule relieved Nacheff of the duty to present himself for work. The record contains substantial evidence of misconduct on Nacheff's part, and the district court erred in finding otherwise.

Nacheff was found liable for benefit overpayment pursuant to NRS 612.365 and NRS 612.445. Subsection one of NRS 612.365 provides as follows:

> Any person who is overpaid any amount as benefits under this chapter is liable for the amount overpaid unless:
>
> (a) The overpayment was not due to fraud, misrepresentation or willful nondisclosure on the part of the recipient; and
>
> (b) The overpayment was received without fault on the part of the recipient, and its recovery would be against equity and good conscience, as determined by the executive director.

Under NRS 612.445 a person must repay benefits and is disqualified from receiving benefits for up to 52 weeks when the ESD executive director finds that he "has made a false statement or representation, knowing it to be false, or knowingly failed to disclose a material fact in order to obtain or increase any benefit. . . ."

The referee found that even if Nacheff did not understand part of the benefit application, Nacheff knew the reason for his separation was not lack of work and misrepresented the facts concerning his separation by checking the box marked "laid off, lack of work." The referee's finding of misrepresentation by Nacheff is supported by substantial evidence. The district court erred in finding that the record lacked evidence of misrepresentation. Since the referee's decision is supported by evidence, it is conclusive, NRS 612.530(4), and the court may not substitute its judgment for that of the administrative agency. *Leeson,* 101 Nev. 384, 386, 705 P.2d 137, 138.

Accordingly, we reverse the order of the district court and reinstate the administrative decision.