RICHARD A. WHITNEY, Appellant, *v.* STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT SECURITY, Respondent.

No. 19611

December 6, 1989                            783 P.2d 459

*Beury & Schubel,* Las Vegas, for Appellant.

*Crowell, Susich, Owen & Tackes,* Carson City; *Jeffrey L. Eskin,* Las Vegas, for Respondent.

---

## OPINION

By the Court, SPRINGER, J.:

Richard A. Whitney appeals an order of the district court which affirmed a decision by the Nevada Employment Security Department Board of Review that he was ineligible for unemployment compensation and had willfully and fraudulently withheld the fact of his self-employment.

Whitney, together with a business associate, Oded S. Kleinbaum, formed Griffin Helicopters International, Inc., a corporation whose goal was to operate a helicopter cargo service. Although the incorporators filed articles of incorporation, they did not follow all of the required corporate formalities. The corporation did have a telephone, bank account, and post office box. Attempts to obtain financing to purchase a helicopter necessary to conduct the corporate business failed. As a result, the corporation never actually entered into the business activity for which it was formed and consequently became defunct. Although Kleinbaum received regular compensation from the corporation, Whitney received none. The corporation did, however, reimburse Whitney for expenses he incurred while attempting to procure investors and business equipment for the corporation.

During the time of Whitney's promotional activities for the corporation, Whitney applied for and received unemployment benefits from the Nevada Employment Security Department (NESD). He did not report his activities related to the corporation at that time. After the corporation's activities ceased, Whitney

voluntarily went to the NESD to report that Kleinbaum had been drawing a salary from the corporation and at the same time had been drawing unemployment benefits.

Following Whitney's report, the NESD initiated an investigation. The NESD determined that Whitney had been "self-employed" and ordered him to pay back funds received while so employed. Whitney requested a hearing. The hearing referee not only upheld the determination of self-employment but also determined that Whitney willfully and fraudulently failed to report his so-called self-employment. As a result, the referee declared him to be ineligible for benefits for one year and ordered him to repay all benefits received. The referee's determinations were upheld on administrative appeal and again by the district court. Whitney now contends that the district court's affirmance was in error. We agree.

A court reviewing an administrative decision of the NESD is limited to the record below and to a determination of whether the board acted arbitrarily or capriciously. NRS 233B.140(4)-(5). Nev. Employment Sec. Dep't v. Nacheff, 104 Nev. 347, 349, 757 P.2d 787, 788 (1988); State Employment Sec. Dep't v. Taylor, 100 Nev. 318, 320, 683 P.2d 1, 2 (1984); State Employment Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984); McCracken v. Fancy, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982). If the agency's findings of fact are supported by substantial evidence, they are conclusive. NRS 233B.140(5); NRS 612.530(4); *Nacheff,* 104 Nev. at 349, 757 P.2d at 789.

We conclude that, in this case, there is no substantial evidence to support the NESD's decision. The promotional activities engaged in by Whitney did not constitute "employment" or "self-employment"; therefore, he was not ineligible for unemployment compensation. Because Whitney was not engaged in any type of employment, he had no duty to report his activities to the NESD; thus, his failure to report could be neither fraudulent nor willful. In addition, Whitney's voluntary reporting and cooperation with the investigation evidence a lack of intent to commit fraud.

The NESD determination incorrectly assumes that Whitney's activities were either "employment" or "self-employment." It is clear from the record that Whitney was not "employed" by the corporation, nor was he employed by himself. Unlike his associate, Kleinbaum, Whitney was not working "for wages or under any contract of hire . . . ," which is the statutory definition of "employment." *See* NRS 612.065.

In addition, Whitney could not be considered "self-employed," because self-employment is undefined. Basic concepts of fairness and due process require that one who is charged with a wrongdoing be put on notice as to what conduct constitutes the wrong. U.S. Const. amend. XIV; Nev. Const. art. 1, § 8; Eaves v. Bd. of Clark County Comm'rs, 96 Nev. 921, 923, 620 P.2d 1248, 1249-50 (1980). The attorney for the NESD stated at oral argument that the NESD has no statutory, regulatory or commonlaw definition of self-employment and conceded that it was unclear whether Whitney's activities constituted self-employment.[1] Although Whitney was fully aware of the nature of his activities, he could not be expected to realize that what he was doing would later be characterized by NESD officials as "self-employment." We, too, are hard pressed to determine which of Whitney's activities might be said to have constituted self-employment. He did not work for wages or under contract, either for himself or the corporation. Instead, he engaged in activities as a promoter for a fledgling corporation in the hope that eventually his efforts might bring about some reward. Under such circumstances it would be unreasonable to conclude that Whitney was self-employed and that his failure to report was fraudulent. If the NESD expects to punish recipients for failure to report "self-employment," it should at least provide them with a definition of that term.

The NESD determination also incorrectly assumes that because Whitney certified on his weekly claim forms that he was not self-employed, he fraudulently and willfully misrepresented the facts of his self-employment. This assumption is flawed for two reasons. First, as discussed above, Whitney was not engaged in any type of employment. He was under no obligation to report non-employment activities to the NESD; thus, his failure to report his involvement with Griffin Helicopters could not have been fraudulent.

Second, the reasoning behind the NESD determination is

---

[1]It can be argued that one who works for a corporation can never be "self" employed because a corporation is an entity distinct from the individual. However, other jurisdictions will consider whether a person is "self" employed when the connection between the individual and the corporation is so close that the corporation would likely not exist without the involvement of that particular individual. In this case, however, because Griffin Helicopters had not succeeded in obtaining the one asset essential to its purpose, a helicopter, it was incapable of being a source of self-employment. *See* Kenna v. Employment Sec. Dep't, 545 P.2d 1248 (Wash.App. 1976).

circular—it assumes Whitney did not report because he was attempting fraud; it assumes he was attempting fraud because he did not report. Other evidence in the record counters the assumption that Whitney was motivated by an intent to defraud the system. He voluntarily informed the NESD of Kleinbaum's improper claim. He volunteered information regarding his own involvement in Griffin Helicopters. He cooperated with the investigation and voluntarily turned over records. Such evidence runs contrary to the conclusion that Whitney was attempting to commit fraud by knowingly making a false representation regarding his employment.

Having found no substantial evidence to support the NESD's decision, we reverse the decision of the district court, both as to the determination that appellant was self-employed and the determination that his failure to report was fraudulent and willful.

YOUNG, C. J., MOWBRAY and ROSE, JJ., concur.

STEFFEN, J., dissenting:

Respectfully, I dissent.

The majority has concluded that there is no factual or legal basis for affirming the rulings of the hearing referee, the Nevada Employment Security Department Board of Review and the district court. I disagree.

I suggest that there are two fundamental weaknesses in the majority opinion that render it unsound. First, the majority equates promotional activities with non-employment. Second, the majority concludes that promoters cannot "be considered 'self-employed,' because self-employment is undefined."

Historically, many individuals in this state and nation have spurned secure, gainful employment in favor of promotional ventures having speculative potential for greater promise. Obviously, some succeed and many fail in such endeavors. Whitney and his "business associate," Kleinbaum, chose to concentrate their time, talents and other assets in the pursuit of a personal commercial enterprise which they expected to yield greater financial reward than a salaried position with another employer. I seriously question whether either of them genuinely believed that they could legitimately devote their time and energies in such an enterprise at the expense of the state's unemployment compensation fund.

Nevada's unemployment compensation scheme denies extended benefits to individuals who fail to "actively engage in systematic and sustained effort to obtain work" or fail to provide tangible evidence of such efforts. NRS 612.392(1)(b) and (c). If, as the majority contends, promotional efforts do not constitute

"employment," neither would they constitute "systematic and sustained effort to obtain work." If Whitney's time and efforts were directed to and consumed by activities that did not qualify as "employment" or "actively engag[ing] in systematic and sustained effort to obtain work," he failed to engage in effort requisite to unemployment compensation eligibility. Whitney also failed to forthrightly report the nature and extent of his activities as required by the statute.

Moreover, the majority refuses to recognize Whitney's promotional endeavors as "self-employment" simply because self-employment is undefined in the statute. The majority thus denies meaning or effect to NRS 612.185(3)(a) which specifies that "no person shall be deemed to be unemployed in any week in which he is self-employed."

In State ex rel. Cooper v. Roth, 44 N.E.2d 456, 458 (Ohio 1942), the court said "the term 'employment' connotes service or that which engages one's time or attention. It may be with or without compensation." The term "employment" is also defined in part as "that which engages or occupies; that which consumes time or attention." Black's Law Dictionary 471 (5th ed. 1979).

It seems apparent that one who consumes his time and resources on his own behalf in activities calculated to provide personal financial gain is self-employed. Under the majority's ruling, an individual could engage in a wide variety of activities, such as landscaping or carpet-cleaning, and be subsidized in even the most profitable of such activities by unemployment compensation because the term "self-employment" is not defined in the statute. I simply cannot endorse such a myopic and obstructive view of the statutory scheme. If the statute requires a degree of interpolation based upon what is obvious, natural and reasonable to achieve its intended purposes, then this court should accommodate that need rather than partially nullify the statute or transmute it into an operational absurdity. By virtue of the majority opinion, individuals in Nevada may engage in any form of self-employment, no matter how lucrative, and concomitantly qualify for unemployment compensation until the legislature supplies a statutory definition of self-employment.

The majority secondarily maintains that Whitney could not have been self-employed because his activities were under the auspices of Griffin Helicopters International, Inc., a corporation. Thus, because he was not working "for wages or under any contract of hire," NRS 612.065, and could not be self-employed because he was working for a corporation, Whitney had managed to place himself within the interstices of a faulty statute where reporting was obviated and benefits accommodated. With due respect to my brethren, I cannot accept such reasoning. Whitney

himself described Griffin as a "research shell." He further stated that he was "in business as Griffen [sic] Helicopter but it was in the beginning stages. I owned no machine. It was more an exploration than an actual business." It seems clear to me that Whitney was self-employed in promoting what he hoped would be a profitable foundation for a corporate vehicle that would provide him financial benefits.

Finally, the majority ascribes virtue to Whitney's belated revelation of Kleinbaum's fraudulent receipt of unemployment compensation. I suggest that Whitney, who certainly must have known all along that both he and Kleinbaum were receiving unemployment benefits, was motivated more by spite or retribution than feelings of civic duty as he revealed Kleinbaum's fraud only after the two had severed their business connections.

For the reasons noted above, and because the evidence substantially supports the rulings of the hearing referee and the Nevada Employment Security Department Board of Review, I agree with the decision of the district court and would affirm.