OPINION
 

 Per Curiam:
 

 Appellant David Burgess argues that the Storey County Licensing Board (“Board”) denied him due process of law when it revoked his brothel license without properly notifying him that his association with the Hell’s Angels Motorcycle Club (“Hell’s Angels”) would be discussed at the license revocation hearing. Burgess also argues that the Board violated the First Amendment by revoking his brothel license because of his association with the Hell’s Angels. We agree with Burgess’s contentions and conclude that the district court abused its discretion by denying Burgess’s petition for a writ of mandamus requiring the Board to reinstate his license.
 

 FACTS
 

 Burgess has been licensed since 1983 to operate a brothel known as the Old Bridge Ranch in Storey County. In May of
 
 *123
 
 1998, the Board served Burgess with an order to show cause (“OSC”) why his brothel license should not be revoked. The OSC ordered Burgess to appear before the Board on June 2, 1998, to respond to complaints which “include, but are not limited to” motorcycle noise, harassment of local residents and failure to pay the applicable license fee.
 
 [1]
 

 On June 2, 1998, Burgess and his attorney appeared before the Board. The hearing focused almost entirely on Burgess’s association with the Hell’s Angels. Board Commissioner Charles Haynes admitted that concerns regarding the Hell’s Angels were not included in the OSC. Both Burgess’s counsel and the Storey County District Attorney requested a continuance so that Burgess could respond to the accusations concerning the Hell’s Angels. The Board ignored the request, and the hearing continued.
 

 Throughout the hearing, Storey County Sheriff and Board Commissioner Robert Del Carlo testified that he was concerned with the Hell’s Angels’ possible involvement with the Old Bridge Ranch. Haynes stated that the Hell’s Angels are “known to be involved in organized crime, and anybody who does not realize that needs to wake up and come into the 20th century.’ ’ Del Carlo and Haynes introduced several pieces of evidence, including downloaded internet articles describing illegal activities by the Hell’s Angels; three unsigned criminal informations regarding illegal activities by members of the Hell’s Angels; a work permit application for Troy Regas, a manager at Old Bridge Ranch; a letter detailing Troy Regas’s prior conviction of possession of cocaine with intent to distribute and Regas’s association with the Hell’s Angels. The only evidence directly concerning Burgess was that on one occasion Burgess walked to a competing brothel while carrying a baseball bat. When Haynes was asked what evidence existed to show that organized crime was involved with Old Bridge Ranch, he replied, ‘ ‘If it looks like a duck and smells like a duck and it walks like a duck, it’s a duck.”
 

 Burgess testified that he was not a member of the Hell’s Angels, but would like to be. Burgess is a member of a Reno-based motorcycle club, which is attempting to “patch over” to the Hell’s Angels. Burgess also testified that the Hell’s Angels did not meet at the Old Bridge Ranch, and that the Hell’s Angels had no influence over the operation of his business.
 

 At the close of the hearing, the Board voted to revoke Burgess’s brothel license. Burgess filed an emergency petition for a writ of
 
 *124
 
 mandamus in district court, which was denied.
 
 [2]
 
 We determine that the district court abused its discretion when it denied Burgess’s petition for a writ of mandamus.
 

 DISCUSSION
 

 A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion.
 
 See
 
 NRS 34.160; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-604, 637 P.2d 534, 536 (1981). We review a district court’s denial of a petition for a writ of mandamus under the abuse of discretion standard. County of Clark v. Doumani, 114 Nev. 46, 53, 952 P.2d 13, 17 (1998).
 

 Procedural due process
 

 Burgess contends that the OSC failed to provide proper notice that his association with the Hell’s Angels would be discussed at the hearing.
 

 “The protections of due process attach only to deprivations of property or liberty interests.” Tarkanian v. Nat’l Collegiate Athletic Ass’n, 103 Nev. 331, 337, 741 P.2d 1345, 1349 (1987); Wedges/Ledges of California, Inc. v. City of Phoenix, Arizona, 24 F.3d 56, 62 (9th Cir. 1994). A protected property interest exists when an individual has a reasonable expectation of entitlement derived from “existing rules or understandings that stem from an independent source such as state law.” Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).
 

 Burgess argues that he has a property interest in his brothel license. We agree. Storey County’s code provides that “[t]he board of county commissioners shall have the power to cancel the [brothel] license after hearing and good cause shown.” Storey County, Nevada, Code ch. 5.16.130(B). Because the revocation of a brothel license in Storey County requires a hearing and a show
 
 *125
 
 ing of good cause, Burgess had a reasonable expectation of entitlement to his brothel license. Therefore, we conclude that Burgess had a protected property interest in the license.
 

 Having determined that the protections of due process attached to Burgess’s brothel license, our next inquiry is whether Burgess received notice that his alleged association with the Hell’s Angels would be discussed at the hearing and used as a basis to revoke his license.
 
 See
 
 Whitney v. State, Employment Security Dep’t, 105 Nev. 810, 813, 783 P.2d 459, 460 (1989) (“Basic concepts of fairness and due process require that one who is charged with a wrongdoing be put on notice as to what conduct constitutes the wrong.”). The Board admits that the OSC does not mention Burgess’s involvement with the Hell’s Angels. We conclude that the Board failed to provide Burgess with proper notice of what was to be discussed at the license revocation hearing. Therefore, the Board deprived Burgess of his due process right to receive proper notice.
 

 First Amendment
 

 Burgess also contends that the Board violated the First Amendment by revoking his brothel license because of his association with the Hell’s Angels.
 

 The United States Supreme Court has stated that all Americans have a “right to associate for the purposes of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion. The Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties.” Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984). The Ninth Circuit Court of Appeals has recognized an individual’s First Amendment right to associate with the Hell’s Angels. United States v. Rubio, 727 F.2d 786, 791 (9th Cir. 1983).
 

 We recognize that Burgess’s right to associate with the Hell’s Angels is not absolute, however. “Infringements on that right may be justified by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms.”
 
 Roberts,
 
 468 U.S. at 623. The Board has the burden to show a compelling governmental interest to justify a restriction on Burgess’s right to associate with the Hell’s Angels.
 
 See
 
 Elrod v. Burns, 427 U.S. 347, 362 (1976).
 

 
 *126
 
 Our review of the license revocation hearing transcript reveals that the Board revoked Burgess’s brothel license because of his association with the Hell’s Angels. None of the evidence introduced at the hearing had anything to do with the criminal activities of Burgess or the Old Bridge Ranch.
 
 [3]
 
 The Board failed to demonstrate a compelling state interest to justify a restriction on Burgess’s right to associate. Therefore, we conclude that the Board violated the First Amendment when it revoked Burgess’s brothel license because of his association with the Hell’s Angels.
 

 CONCLUSION
 

 We conclude that the Board deprived Burgess of his due process right to receive sufficient notice by failing to notify Burgess that his association with the Hell’s Angels would be discussed at the license revocation hearing. The Board also violated the First Amendment by revoking Burgess’s brothel license because of his association with the Hell’s Angels. For these reasons, we conclude that the district court abused its discretion by denying Burgess’s petition for a writ of mandamus. We reverse and remand this case to the district court so that it may issue a writ of mandamus ordering the Board to reinstate Burgess’s brothel license.
 

 [1]
 

 Although the OSC alleged that Burgess failed to pay a license fee, this statement was a clerical mistake, as respondents do not dispute that the license fee was paid prior to the license revocation hearing.
 

 [2]
 

 After the state district court denied Burgess’s petition for a writ of mandamus, Burgess filed a complaint in United States District Court pursuant to 42 U.S.C. sections 1983 and 1988, alleging that the Board deprived him of his constitutional rights. Based upon a determination that Burgess would likely succeed on his freedom of association claim, the federal district court judge granted Burgess’s motion for a preliminary injunction and enjoined the enforcement of the license revocation pending a final resolution of the matter.
 

 [3]
 

 The Board also contends that the revocation of the license was justified because on one occasion Burgess walked to a competing brothel while carrying a baseball bat. Our review of the license revocation hearing transcript, which is almost entirely dedicated to Burgess’s association with the Hell’s Angels, indicates that the Board did not revoke Burgess’s license on the basis of the baseball bat incident.