JANE EAVES; MICHAEL O. WASHINGTON, DBA SWINGING SUZY'S ESCORTS; MAYNARD M. RICHARDS, DBA FRENCH QUARTER ESCORTS; DONNA LEE RICHARDS, DBA VALLEY OF THE DOLLS; MAYNARD M. RICHARDS, DBA VEGAS TOUCH ESCORTS; NEVADA FORMS, INC., DBA VEGAS GIRLS INTERNATIONAL; FOUR LEAF, INC., DBA LUCKY ESCORTS; REPUBLIC ENTERTAINMENT, INC., DBA OUI GIRLS; DAVID SPLEEN, DBA PLAYGIRL ESCORTS; WALLACE KRUEGER, DBA ELEGANT ESCORTS; AND ANGEL R. SANTANA, DBA STAR ESCORTS, APPELLANTS, v. BOARD OF CLARK COUNTY COMMISSIONERS, ROBERT N. BROADBENT, JACK T. PETITTI, THALIA DONDERO, R. J. RONZONE, MANUEL CORTEZ, SAMUEL BOWLER AND DAVID CANTER, CONSTITUTING THE MEMBERS OF SAID BOARD; CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND RALPH LAMB, IN HIS CAPACITY AS SHERIFF OF CLARK COUNTY, RESPONDENTS.

No. 11544

December 29, 1980                    620 P.2d 1248

*Mills, Galliher, Lukens, Gibson & Schwartzer,* Las Vegas; *Edward M. Bernstein,* Las Vegas; *Emery and Shaner,* Las Vegas; and *Alan B. Andrews,* Las Vegas, for Appellants.

*Richard Bryan,* Attorney General, Carson City, and *Robert J. Miller,* District Attorney, Clark County, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

This appeal from an order of the district court denying appellants' consolidated motions for a preliminary injunction places in issue the constitutionality of Ordinance No. 595, an amendment to Title 6, Chapter 6.66 of the Clark County Code. In material part, that ordinance provides:

6.66.030 *Unlawful to conduct an escort bureau or business.* It shall be unlawful for any person, firm or corporation to conduct, manage, operate, maintain, or advertise a business wherein for payment, direct or indirect [sic] social companions, or "escorts" may be obtained.

6.66.040 *Unlawful to work as an escort.* It shall be unlawful for any person to hold oneself out as, seek or accept employment as, contract to be, or perform the work of an escort or social companion.

6.66.050 *Definitions.* (a) Escort or social companion is defined as "any person, who, for a salary, fee, commission, hire, reward, or profit makes himself or herself available to the public for the purpose of accompanying other persons for companionship. [Proper punctuation omitted in the original.]

(b) Escort bureau is defined as any business, agency or person who, for a fee, commission, hire, reward or profit, furnishes, introduces or arranges for persons to accompany other persons for companionship, dating or prostitution.

6.66.060 *Penalty.* Any person violating any of the provisions of this chapter is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars or by imprisonment in the county jail for a term of not more than six months, or by any such combination of such fine and imprisonment.

Whenever in this chapter any act is prohibited or is made or declared to be unlawful, an offense or a misdemeanor, or whenever in this chapter the doing of any act is required or the failure to do any such act is declared to be unlawful or a misdemeanor, the doing of such prohibited act or the failure to do any such required act shall constitute a violation of this chapter. Any day of any violation of this chapter constitutes a separate offense.

Appellants[1] contend, *inter alia,* that the ordinance is unconstitutionally vague and overbroad in that (1) persons of common intelligence cannot determine in advance and with certainty whether their contemplated actions are within or without the law, (2) the ordinance fails to provide explicit standards, so as to prevent arbitrary and discriminatory official action, and (3) the ordinance appears to include within its ambit substantial realms of conduct which cannot be constitutionally punished. Because we conclude that the ordinance is invalid because of vagueness, we need not reach the other arguments appellants also advance.

This court has consistently held that ordinances like Ordinance No. 595, which prescribe serious penalties, must be strictly construed. Oueilhe v. Lovell, 93 Nev. 111, 113, 560 P.2d 1348 (1977); In re Laiolo, 83 Nev. 186, 188, 426 P.2d 726 (1967).

An ordinance which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning, and differ as to its application, violates the first essential of due process, i.e. the notion of fair notice or warning. Connally v. General Constr. Co., 269 U.S. 385, 391 (1926); Papachristou v. City of Jacksonville, 405 U.S. 156, 162 (1972); Note, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67, 68 (1960); *accord* Smith v. Goguen, 415 U.S. 566, 572 (1974); Lanzetta v. New Jersey, 306 U.S. 451, 453 (1939). An ordinance which fails to give persons of ordinary intelligence fair notice whether their contemplated conduct is permitted or forbidden must be declared to be void for vagueness, and thus to deny due process of law.[2] United States v. Harriss, 347 U.S. 612, 617 (1954).

---

[1]The appellants include a professional escort and owners and operators of escort bureaus or escort businesses in operation in Clark County, Nevada.

[2]The Nevada Constitution, art. I, § 8 in pertinent part provides, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of

Subjecting Ordinance No. 595 to the strict scrutiny prescribed by *Oueilhe, supra,* and *In re Laiolo, supra,* readily discloses its impermissible vagueness. First, § 6.66.030 speaks of ". . . direct or indirect social companions, or 'escort'. . . ." These words in the context of the entire section provide only a vague, uncertain and unintelligible notion of their scope, at which persons of common intelligence must necessarily guess. *Connally, supra.* For example, persons functioning as social secretaries—as companions to the aged, lonely or infirm—or even as babysitters, arguably might be guilty of impermissible conduct.

Moreover, it appears that the definition of an escort or "social companion" in § 6.66.050(a) is otherwise unclear. Does the phrase, "any person who . . . makes himself or herself available to the public for the purpose of accompanying other persons for companionship" refer solely to the person accepting the "salary, fee, commission, hire, reward or profit"—or does it also refer to other persons involved in the transaction? Again, does "reward" in § 6.66.050(b) refer solely to monetary or material rewards—or also to intangible rewards, e.g. psychic satisfaction?

Considered in the light of established constitutional principles, these ambiguities in Ordinance No. 595 allow too much unbridled discretion. The imprecision in the language of the ordinance permits, and is likely to encourage, arbitrary and discriminatory enforcement. *Papachristou, supra,* at 170, Coates v. Cincinnati, 402 U.S. 611, 614 (1971).

Ordinance No. 595, as written, may permit criminal sanctions to be imposed without adequate prior warning. The mere existence of Ordinance No. 595, as written, is likely to deter law-abiding citizens from conduct which may or may not be covered by its provisions. As written, Ordinance No. 595 fails to provide law enforcement officials with adequate guidance concerning the precise scope of the activities it aspires to proscribe. Consequently, Ordinance No. 595 is void for vagueness

___

law . . ." And, the U.S. Constitution, amend. XIV, § 1 in pertinent part provides, ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law."

If a county ordinance contains no standards to govern the exercise of the discretion it grants to law enforcement officials, then the ordinance permits and encourages an arbitrary and discriminatory enforcement of its provisions. Such an ordinance can become a convenient but improper tool for local prosecuting officials to employ against particular groups deemed to merit their displeasure. Thornhill v. Alabama, 310 U.S. 88, 97–98 (1940); *Papachristou,* at 170.

on its face. As written, it therefore violates Art. I, § 8 of the Nevada Constitution and Amendment XIV, § 1 of the U.S. Constitution.

Thus, the district court erred when it declared Ordinance No. 595 to be facially valid and when it refused to grant appellants' motion for a preliminary injunction against enforcement of the ordinance.

Reversed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.