REPUBLIC ENTERTAINMENT, INC., DBA OUI GIRLS; NEVADA FORMS, INC., DBA VEGAS GIRL PHOTOGRAPH INTERNATIONAL; SUSAN KNOTT, DBA PLAYGIRL ESCORTS; MORTON RUSHFIELD, DBA PLAYMATE PHOTO-ESCORTS; PARA-L., INC., DBA PARAGON ENTERPRISES; RONALD J. KIELNHOFER, DBA CLASSIC ESCORTS; AND DESERT SUN, INC., DBA DESERT SUN ESCORTS, APPELLANTS, v. CLARK COUNTY LIQUOR AND GAMING LICENSING BOARD AND ITS MEMBERS, TO-WIT: DAVID CANTER, CHAIRMAN; JACK PETITTI; WOODROW WILSON; THALIA DONDERO; BRUCE WOODBURY; RICHARD RONZONE; AND MANUEL CORTEZ, ALL NAMED IN THEIR CAPACITY AS MEMBERS OF SAID BOARD AND NOT INDIVIDUALLY; AND JOHN MCCARTHY, IN HIS CAPACITY AS SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENTS.

No. 14168

December 1, 1983                                      672 P.2d 634

*Alan B. Andrews,* Las Vegas, for Appellants.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *S. Mahlon Edwards,* Deputy District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

This appeal presents a challenge to the validity and constitutionality of Title 8, Chapter 8.32, which was enacted by the Clark County Liquor and Gaming Licensing Board as the latest of Clark County's attempts to control sexually oriented escort services. The district court dissolved a temporary restraining order and denied appellants' motion for a preliminary injunction. We affirm.

Chapter 8.32, as amended by Regulation No. G-66-83,[1] provides in part:

> 8.32.050 *Unlawful to work as an escort—Exceptions.* It is unlawful for any person to work or perform services as an escort in the county unless employed by a licensed escort bureau or licensed as an escort bureau.

---

[1] While this appeal was pending, the Liquor and Gaming Licensing Board enacted Regulation No. G-66-83, which substantially amended the provisions relating to advertising and license issuance. This opinion deals with the Chapter as amended.

8.32.060 *Definitions.* (A) An "escort" is a person who for monetary consideration in the form of a fee, commission, salary, or tip, dates, socializes, visits, consorts with, or accompanies or offers to date, consort, socialize, visit, or accompany, another or others to or about social affairs, entertainments or places of amusement or within any place of public resort or within any private quarters of a place of public resort.

. . .

(2) A sexually oriented escort is an escort which:

(a) Employs or uses an escort bureau runner; or

(b) Works for, is associated with, or has contracted with a sexually oriented escort bureau; or

(c) Advertises, either directly or by implication that sexual stimulation or sexual gratification will be provided, or works for, or is associated with, or has contracted with an escort bureau which so advertises; or

(d) Provides sexual stimulation or sexual gratification to an escort patron.

. . .

8.32.120 *Advertising—Implying services other than service oriented escorts.* (A) Any publication, dissemination or display whether by hire, contract or otherwise by an escort, escort bureau or owner, manager or employee of an escort bureau within the scope of this chapter directly or indirectly in any newspaper, magazine or other publication, by any radio, television, telephone or pictorial display, publication or other advertising media which contains any statement which is known or through the exercise of reasonable care would suggest to a reasonable, prudent person that sexual stimulation or sexual gratification is offered or provided, is prohibited.

The Chapter also provides that only service oriented escorts and escort bureaus may obtain a license and that all advertising by unlicensed escorts and escort bureaus is prohibited.

Chapter 8.32 purports to be a regulation. Appellants contend that Chapter 8.32 is more accurately characterized as an ordinance, and since it is undisputed that the Clark County Liquor and Gaming Licensing Board does not have the power to enact ordinances, the Chapter is invalid. Appellants allege that the power of licensing can only be exercised by ordinance and point out that the Chapter is subject to criminal enforcement. While the Chapter does not itself establish criminal penalties, Section 1.08.020 of the Clark County Code renders every violation of the Code a misdemeanor.

The police power of the State to license businesses is exclusively legislative. Galloway v. Truesdell, 83 Nev. 13, 22, 422 P.2d 237 (1967). The Legislature, however, may delegate to a board or commission the power to administer the required licensing and to promulgate rules and regulations in accordance with the statute. 53 C.J.S. Licenses § 9 (1948). It is also well settled that administrative regulations may be enforced by criminal proceedings as long as a statute creates the offense and imposes the punishment. See United States v. Hark, 320 U.S. 531, 536 (1944); State v. Allen, 423 P.2d 867, 868 (N.M. 1967).

The Legislature has given the Clark County Liquor and Gaming Licensing Board exclusive power to regulate escort services within the unincorporated areas of Clark County. NRS 244.335(2).[2] In addition, NRS 244.345(1)(a)[3] mandates that every person wishing to operate an escort service must apply to the county license board for a license. The application must be in a form prescribed by regulations of the license board. See also NRS 244.345(3)(c).[4] NRS 244.345(7)[5] provides that failure to obtain a license shall be punishable as a misdemeanor. Since there is statutory authority both for the promulgation of regulations relating to licensing and for their criminal enforcement, we conclude that Chapter 8.32 is a validly enacted regulation.

Appellants contend that Chapter 8.32 is unconstitutional as

---

[2]NRS 244.335(2) provides, in pertinent part:

  2. The county license boards have the exclusive power in their respective counties to regulate the business of conducting a[n] . . . escort service, . . . outside of an incorporated city. . . .

[3]NRS 244.345(1)(a) provides, in pertinent part:

  1. Every natural person, firm, association of persons or corporation wishing to engage in the business of conducting a[n] . . . escort service, . . . outside of an incorporated city, must:

  (a) Make application to the license board of the county in which the business is to be engaged in, for a county license of the kind desired. The application must be in a form prescribed by the regulations of the license board.

[4]NRS 244.345(3)(c) provides, in pertinent part:

  3. The license board may, . . .

  (c) Adopt, amend and repeal regulations relating to licenses and licensees.

[5]NRS 244.345(7) provides, in pertinent part:

  7. Any natural person, firm, assocation of persons or corporation who engages in any of the businesses mentioned in this section without first having obtained the license and paid the license fee as provided in this section is guilty of a misdemeanor.

a prior restraint on First Amendment rights. Appellants' challenge addresses the provisions prohibiting sexually oriented escort bureaus from advertising their services.

Advertising which does no more than propose a commercial transaction is considered commercial speech. Pittsburgh Press Co. v. Human Rel. Comm'n, 413 U.S. 376, 385 (1973). While commercial speech enjoys some First Amendment protection, it triggers a lower level of judicial scrutiny and may be regulated in ways that would be impermissible if noncommercial expression were involved. Ohralik v. Ohio State Bar Assn., 436 U.S. 447, 456-457 (1978). Applying this standard, the Supreme Court held in *Ohralik* that client solicitation by a lawyer was primarily a business transaction and could be legitimately regulated. Advertising which solicits clients for escort services should enjoy no higher level of protection.

Furthermore, a greater degree of regulation is permissible when the advertising relates to activities which the state may not only legitimately regulate but also prohibit, such as prostitution. Pittsburgh Press Co., 413 U.S. at 388; Princess Sea Industries v. State, 97 Nev. 534, 537, 635 P.2d 281 (1981). Since the prohibitions of Chapter 8.32 are directed at advertising of prostitution in the guise of an escort service, the restraints imposed do not violate the First Amendment.

Appellants further contend that Chapter 8.32 is unconsititionally overbroad. We do not find that the language of Chapter 8.32 lends itself to an interpretation which reaches constitutionally protected conduct. Furthermore, it is irrelevant whether the restrictions on advertising could encompass nonsexually oriented advertising by others than appellants, because the overbreadth doctrine does not apply to commercial speech. Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 497 (1982).

A law that does not reach constitutionally protected speech may nevertheless be challenged as vague; to succeed, however, appellants must demonstrate that the law is impermissibly vague in all of its applications. *Id*. A law which fails to give persons of ordinary intelligence fair notice whether their contemplated conduct is permitted or forbidden must be declared to be void for vagueness, and to deny due process of law.

United States v. Harriss, 347 U.S. 612, 617 (1954); Eaves v. Board of Clark County Comm'rs, 96 Nev. 921, 923, 620 P.2d 1248 (1980). In *Eaves* we held Ordinance No. 595, the predecessor of Chapter 8.32, to be void for vagueness. Since Ordinance No. 595 carried criminal penalties, it was subject to strict scrutiny; similarly, Chapter 8.32 is subject to criminal enforcement and must be strictly construed. Applying such a standard, we do not find any impermissible vagueness in the provisions of Chapter 8.32.

A vague law permits, and even encourages, arbitrary and discriminatory enforcement. Papachristou v. City of Jacksonville, 405 U.S. 156, 170 (1972). Having found no vagueness in the provisions of Chapter 8.32, we conclude that it provides adequate standards for its application. We note that criminal penalties are provided only for operating as an escort or escort bureau without a license—a determination that is well within the power of the enforcing officer to make—and that the distinctions between sexually oriented and service oriented escorts and escort bureaus are relevant only to issuance of licenses.

We have considered appellants' other contentions and have concluded that they are without merit. Since appellants have not demonstrated a reasonable probability of prevailing on the merits, we hold that the denial of a preliminary injunction was proper. Number One Rent-A-Car v. Ramada Inns, 94 Nev. 779, 587 P.2d 1329 (1978).

Affirmed.