SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, v. PHILIP PRESTON ANDERSON, RESPONDENT.

No. 16961

December 10, 1987                                746 P.2d 643

---

*Rex Bell*, District Attorney, Las Vegas; *James Tufteland*, Deputy, Las Vegas; *Michael J. Amador*, Deputy, Las Vegas, for Appellant.

*Andrew S. Blumen*, Las Vegas, for Respondent.

*Brian McKay*, Attorney General, *Michael E. Wilson*, Deputy Attorney General, Carson City, for State of Nevada, as Amicus Curiae.

*Lionel, Sawyer & Collins, Rodney M. Jean*, Las Vegas, for Nevada Resort Association, as Amicus Curiae.

## OPINION

*Per Curiam:*

The district court granted Anderson's petition for a writ of habeas corpus. The court found that NRS 465.075 was unconstitutionally vague on its face and in its application; was overbroad; and that it denied Anderson his First, Fifth and Fourteenth Amendment rights. We disagree.

Anderson was charged with possession of a cheating device and entering a building with intent to use a cheating device (burglary). He was arrested in the Westward Ho Casino after he was observed using "computer shoes" while playing Blackjack. A casino surveillance technician observed that Anderson exerted unusual toe movements while playing. He observed that the toe movements corresponded with the appearance of certain cards on the table.

Casino personnel confronted Anderson and explained that they suspected him of wearing "computer shoes." Anderson admitted using a hidden microcomputer to assist him in the game.

Anderson wore shoes and socks. The socks were cut away in

order that the bare toes could input data into the computer. Switches were attached in the shoes with velcro. Anderson would push up with his toes for one, down for two, up for eight, down for four. These combinations permitted Anderson to add up to any number. Wires extended up Anderson's legs to a battery pack located in his left rear pocket. The main portion of the computer was strapped to his left calf. Inflated balloons kept the apparatus away from the skin in order to prevent burns. The computer sent vibratory signals to a special receiver located inside an athletic supporter. The signal told Anderson whether to hit, stand, double down, or split. The computer calculated Anderson's advantage or disadvantage with the house and advised him of the remaining cards in the deck.

Anderson was arrested and indicted. His pre-trial petition for a writ of habeas corpus was granted. The writ was issued and deemed permanent. On appeal, it is argued that the district court erred in finding that NRS 465.075[1] was unconstitutional.

The statute prohibits the use of a "device" for various gaming purposes. Anderson argues, and the district court found, that this term was unconstitutionally vague. We disagree. In Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489 (1982), the Supreme Court established standards for evaluating vagueness. A person of ordinary intelligence must have a reasonable opportunity to know what conduct is prohibited. Laws must also provide standards for law enforcement personnel. 455 U.S. at 498. However, one who engages in clearly proscribed conduct cannot complain of the vagueness of the law as applied to others. 455 U.S. at 495.

We hold that NRS 465.075 is not vague, at least as applied to Anderson. Use of a hidden computer is precisely the type of conduct envisioned by the statute. While there may be circumstances when the term "device" is vague, we are not confronted with such a case. Whatever else it may include, the term certainly includes computers. No person of ordinary intelligence could believe otherwise. If one did have some question as to whether or not the statute prohibited the use of computers, then reference to any standard dictionary would provide the answer.

---

[1]NRS 465.075 reads:

It is unlawful for any person at a licensed gaming establishment to use, or possess with the intent to use, any device to assist:
1. In projecting the outcome of the game;
2. In keeping track of the cards played;
3. In analyzing the probability of the occurrence of an event relating to the game; or
4. In analyzing the strategy for playing or betting to be used in the game, except as permitted by the commission.

Respondent's other contentions have been considered. They are without merit.

Reversed and remanded.