ALAN G. CUNNINGHAM, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 23478

June 21, 1993            855 P.2d 125

[Rehearing denied November 3, 1993]

*Woodburn & Wedge* and *James W. Erbeck,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *Gerald J. Gardner,* Deputy District Attorney, *Eric G. Jorgensen,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

By the Court, SPRINGER, J.:

Appellant Alan Cunningham stands convicted of a violation of provisions of Chapter 599B, Nevada Revised Statutes, entitled "Solicitation by Telephone." Cunningham complains that the statute is vague and that he cannot understand its meaning. We agree that the statute is vague and conclude that because it does not give fair notice of prohibited conduct, it is violative of the Due Process Clause, Article 1, Section 8 of the Nevada Constitution.

A statute which forbids the doing of an act in terms so vague that people of common intelligence must necessarily guess as to its meaning violates the first essential of due process, the notion of fair notice or warning. Eaves v. Board of Clark County Comm'rs, 96 Nev. 921, 620 P.2d 1248 (1980). Chapter 599B is so vague that it does not provide a constitutional basis for criminal prosecution.

The chapter does not contain the customary purpose clause, and there is no statement of legislative intent; but we take it that the legislature was concerned about the widespread use of telephone solicitors to initiate the sales of goods, real property, services and investment opportunities. Telephone banks and "boiler rooms" used in the practice of what has come to be known as "telemarketing" have become a matter of public and governmental concern because of associated problems of unethical business practices and, in some instances, outright fraud.

The way in which NRS Chapter 599B addresses these telemarketing problems is to declare it to be "unlawful for any person to act as a seller or salesman in this state without a license . . . ." NRS 599B.080. Thou shalt not be a "seller" or a "salesman" without a license. This is Cunningham's crime, that he acted "as a seller in this state without a license."

"Seller" and "salesman" are common terms with common

meanings. A seller is one who sells; a salesman is a male seller. That an unlicensed seller or salesman should be declared by the legislature to be a criminal seems a little bit off-center to begin with; however, if we read on, we find that the legislature was referring to a special kind of seller, namely, a person who "causes or attempts to cause a *telephone* solicitation." NRS 599B.010(6) (emphasis added). In sum, then, it is "unlawful" for any person to be a "seller" or a "salesman" without a license; and, apparently this prohibition applies only to a seller or salesman who "causes" a "telephone solicitation." The statute does not define what a telephone solicitation is, so we take the word "solicit" in its common meaning, "to try to obtain by asking." Webster's Seventh New Collegiate Dictionary 83 (1963). When we read this language it becomes immediately apparent that if any of us were to call up a neighbor to try and sell the old lawnmower, we would in doing this, (1) "act as a seller" and (2) "cause a telephone solicitation."[1] This is the way Cunningham reads the statute; and this is the way we read it. It is probably safe to assume that this is not the kind of transaction that the legislature had in mind when it declared all unlicensed "sellers" or "salesmen" to be felons; still, the statute says what it says.

When we examine comparable statutes in other states we find that telephonic solicitations are rather narrowly and specifically defined so that one neighbor is not prohibited from telephoning another neighbor and trying to sell a lawnmower (without first getting a "seller's" license). For example, in California,[2] some of the kinds of regulated telephone solicitations that are defined are those in which a telephone solicitor promises a prospective purchaser additional, bonus items, without further cost, or promises the purchaser a prize or gift. There are other clearly defined telephone solicitations which were made subject to the California statute. If Nevada were to define "telephonic seller" or "telephonic solicitation" in some reasonably restricted way, persons

---

[1] It is hardly imaginable that the law would make it a crime to use a telephone to sell one's lawnmower to a neighbor, but that is the way the statute reads. We note that NRS 599B.020(1)(k) exempts from licensing requirements "[t]he solicitation of sales by a person . . . who does not intend to complete, and does not complete, the sales transaction by telephone." Thus, if the "seller" were able to prove that he or she did not "intend to complete" the lawnmower sale *and* did not, in fact, complete the sale by telephone, such a person might be exempt from the provisions of Chapter 599B and immune from criminal prosecution. If the transaction were completed on the telephone, no exemption under the statute would apply, and the seller would be criminally liable. This, obviously, is not a very satisfactory way of defining criminal liability. The telemarketing law, as it is now written, requires some serious rethinking.

[2] Cal. Bus. & Prof. Code § 17511.1 (West 1985).

engaged in possibly objectionable telephonic activities would be able to know and understand that they were required to be licensed; and there would be no constitutional problem with such a statute. The legislation at issue is not sufficiently clear or specific to support a conviction for violation of Chapter 599B as it is now written.

NRS 599B.080 is void because of its vagueness in describing the activity that was apparently intended to be prohibited by the statute. Cunningham's conviction under this statute is reversed, and the district court is directed to enter a judgment of acquittal in his favor.

ROSE, C. J., STEFFEN, YOUNG and SHEARING, JJ., concur.