59 P.3d 477 (2002)
CITY OF LAS VEGAS, Petitioner,
v.
The EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, In and For the COUNTY OF CLARK, and the Honorable Jeffrey D. Sobel, District Judge, Respondents, and
James Edward Charles, Real Party in Interest.
No. 38582.
Supreme Court of Nevada.
December 20, 2002.
*478 Bradford R. Jerbic, City Attorney, and Cynthia S. Leung, Deputy City Attorney, Las Vegas, for Petitioner.
*479 Marcus D. Cooper, Public Defender, and Jennifer L. Rusley, Deputy Public Defender, Clark County, for Real Party in Interest.
Before the Court En Banc.

OPINION
AGOSTI, J.
The City of Las Vegas seeks an extraordinary writ directing the district court to vacate its order holding that NRS 207.260 is unconstitutional. At the time relevant to this petition, NRS 207.260 provided in part that "a person who annoys or molests a minor is guilty of a misdemeanor."[1] For the reasons stated below, we conclude that the district court did not err in holding that the statute was facially void and unconstitutional. Therefore, we deny the City's petition.
On September 13, 2000, the City filed a criminal complaint charging real party in interest James Edward Charles with one count of annoying a minor pursuant to NRS 207.260. The complaint alleged that Charles "willfully and unlawfully annoy[ed] a minor... by following [her] from her residence to another residence, thereafter asking for her ten to fifteen times."
At a pretrial hearing, counsel for Charles challenged the constitutionality of NRS 207.260. The district court subsequently ruled that NRS 207.260 was unconstitutionally vague because "people of common intelligence must necessarily guess" as to the conduct it proscribes. The City then petitioned this court for extraordinary relief, arguing that the district court erred in ruling that NRS 207.260 was facially void for vagueness. Pursuant to this court's order, Charles has filed an answer to the City's petition. This matter is now fully at issue and ready for decision.
The instant petition presents this court with an important, unsettled issue regarding the constitutionality of a criminal statute. In reviewing this issue, two different district courts have reached contrary conclusions.[2] This court will exercise its discretion to entertain a petition for extraordinary relief in order to resolve a split of authority among lower courts.[3] Accordingly, we have elected to review the merits of the instant petition.[4]
The City first argues that the district court erred in considering the facial vagueness of the statutory language without first applying it to Charles' conduct. We disagree.
Recently, in Chicago v. Morales,[5] a plurality of the United States Supreme Court recognized that imprecise criminal laws are subject to facial attack under two different doctrines.
First, the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when "judged in relation to the statute's plainly legitimate sweep." Second, even if an enactment does not reach a substantial amount of constitutionally protected conduct, it may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests.[6]
*480 In Kolender v. Lawson, the Supreme Court also observed:
As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.[7]
We view the underlying reasoning of Kolender and the Morales plurality to be sound, and we now conclude that where a particular statute is so imprecise that "vagueness permeates the text of such a law, it is subject to facial attack," if the statute both: (1) fails to provide notice sufficient to enable ordinary people to understand what conduct is prohibited; and (2) authorizes or encourages arbitrary and discriminatory enforcement.[8]
The City argues, however, that under this court's case law, a statute that is challenged as void for vagueness must be evaluated on an as-applied basis unless First Amendment concerns are implicated. The City correctly observes that this court has reiterated this rule in numerous decisions, including Sheriff v. Anderson,[9]Lyons v. State,[10] and Smith v. State.[11] On the other hand, conflicting Nevada case law suggests that this court will consider whether an enactment is facially void for vagueness, even if no First Amendment interests are implicated, when the challenged statute is so vague that it fails to give persons of ordinary intelligence fair notice of what conduct is permitted or forbidden. For example, in Cunningham v. State, this court upheld a facial vagueness challenge to a statute under the Due Process Clause of the Nevada Constitution as appropriate, where the challenged statute prohibited "the doing of an act in terms so vague that people of common intelligence [were required to] necessarily guess as to its meaning" and where the statute was "so vague that it [did] not provide a constitutional basis for criminal prosecution."[12] This court has also found certain county and city ordinances to be facially void under the void for vagueness doctrine even though the cases disclosed no readily apparent or clearly implicated First Amendment concerns.[13]
In light of our conflicting precedent in this regard, we now clarify that a facial vagueness challenge is appropriate, even where no substantial First Amendment concerns are implicated, if the penal statute is so imprecise, and vagueness so permeates its text, that persons of ordinary intelligence cannot understand what conduct is prohibited, and the enactment authorizes or encourages arbitrary and discriminatory enforcement. To the extent that Lyons, Anderson, Smith, and other decisions of this court indicate that a facial vagueness challenge may only be appropriate where First Amendment concerns are implicated, they are hereby modified.[14]
Therefore, we reject the City's claim that the district court erred in analyzing the facial validity of the statute, rather than considering the constitutionality of the statute in light of Charles' specific conduct. Further, we agree with the district court that former NRS 207.260 was facially invalid. In our *481 view, the statute: (1) failed to provide the citizens of our state with fair notice of the prohibited conduct; and (2) authorized and encouraged arbitrary enforcement.[15]
The Due Process Clauses of the United States and Nevada Constitutions[16] guarantee that every citizen shall receive fair notice of conduct that is forbidden.[17] The fair notice requirement ensures that citizens will not have to speculate about the meaning of a particular law, and will therefore have the ability to conform their conduct to that law.[18] Although mathematical precision is not possible in drafting statutory language, the law must, at a minimum, delineate the boundaries of unlawful conduct.[19] Some specific conduct must be deemed unlawful so individuals will know what is permissible behavior and what is not.[20]
In the instant case, when Charles was charged in September 2000, NRS 207.260 provided:

A person who annoys or molests a minor is guilty of a misdemeanor. For the second and each subsequent offense he is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years, and may be further punished by a fine of not more than $5,000.[21]
Notably, the criminal complaint in this case merely charged that Charles had willfully and unlawfully "annoyed" a minor; it did not allege that Charles had "molested" a minor. Thus, the State apparently read the statute to prohibit either the annoying or molesting of a minor.
The language of the statute does not specify what type of annoying behavior is prohibited, nor does it define the term "molest." By its terms, the statute is not limited only to annoyances of a sexual nature, and it provides no indication of whether the perpetrator must subjectively intend to annoy the minor, or if mere unintentional, bothersome conduct, in and of itself, is sufficient to subject an individual to criminal sanctions.
The plain meaning of the terms of NRS 207.260 provide little additional guidance. The term "annoy" is commonly defined as "to disturb or irritate [especially] by repeated acts."[22] The term "molest" is a synonym for the term "annoy" and literally means "to annoy, disturb, or persecute [especially] with hostile intent or injurious effect."[23]
In Coates v. City of Cincinnati, the Supreme Court considered the use of the word "annoy" in an ordinance that made it unlawful for three or more people to assemble on a sidewalk and "conduct themselves in a manner annoying to persons passing by."[24] In holding that the ordinance was "unconstitutionally vague because it subjects the exercise of the right of assembly to an unascertainable standard," the Court reasoned:

*482 Conduct that annoys some people does not annoy others. Thus, the ordinance is vague, not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. As a result, "men of common intelligence must necessarily guess at its meaning."[25]
We conclude that the standard of conduct proscribed by NRS 207.260, namely, conduct which is "annoying," does not provide fair notice because the citizens of Nevada must guess when conduct that bothers, disturbs, irritates or harasses a minor rises to the level of criminal conduct.[26]
We also conclude that NRS 207.260 authorizes and encourages arbitrary enforcement.[27] Because the statute fails to adequately set forth the conduct proscribed, it provides those charged with enforcement of its provisions unfettered and unguided discretion to decide what annoying activity falls within its parameters. A law that fails to provide fair notice and allows such unfettered discretion is unconstitutionally vague.[28] Indeed, the touchstone of the void for vagueness doctrine is to ensure that the legislature has provided guidelines for enforcement in order to prevent "`a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'"[29] Because NRS 207.260 provides insufficient notice of the conduct prohibited and contains no guidelines for law enforcement, we conclude that the statute is unconstitutionally void on its face under the United States and the Nevada Constitutions.[30]
As an alternative to declaring the statute facially void, the City urges this court to apply a limiting construction to NRS 207.260. The City argues that this court can save the statute from invalidity by imposing a reasonable person standard, or by reading it in context with NRS 193.190[31] and NRS 194.010.[32] We reject the City's invitation to construe the statute in a manner that renders it constitutional.
"In our system, ... defining crimes and fixing penalties are legislative, not judicial, functions."[33] Although a limiting construction is appropriate to clarify ambiguous statutory language, this court cannot apply a limiting construction to a law where the terms employed are so vague that no standard *483 of conduct is proscribed at all.[34] To construe NRS 207.260 in a manner that would render it constitutional, this court would have to engage in judicial legislation and rewrite the statute substantially. We prefer to leave such extensive statutory revisions to the legislature. As the United States Supreme Court has observed, the legislature may not "set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large."[35]
We conclude that the district court did not err in ruling that NRS 207.260, as it existed prior to the 2001 amendment, was facially void for vagueness. The statute is constitutionally inadequate under the United States and the Nevada Constitutions because: (1) it does not provide fair notice of the boundaries of unlawful conduct; and (2) it authorizes and encourages arbitrary enforcement. Accordingly, we deny the City's petition for extraordinary relief.
YOUNG, C.J., ROSE and LEAVITT, JJ., concur.
SHEARING, J., with whom MAUPIN and BECKER, JJ., agree, concurring in part and dissenting in part.
I agree that the City of Las Vegas's petition should be denied because the statute in question is unconstitutionally vague as applied to this case. However, I do not agree with the majority that the statute is unconstitutionally vague on its face.
James Edward Charles was charged with "willfully and unlawfully annoying a minor" under NRS 207.260. I agree with the majority that the conduct of "annoying a minor" is unconstitutionally vague. That charge is unconstitutional because it "fails to notify individuals what conduct is prohibited, and it encourages arbitrary and capricious enforcement by police."[1] If annoying a minor alone were unlawful, virtually every parent would at one time or another be a lawbreaker.
However, I do not agree with the majority that NRS 207.260 is unconstitutional on its face. When Charles was charged, the statute provided "a person who annoys or molests a minor" is guilty of an offense. While "annoys" is too vague, "molests" is not. I do not agree with the majority that "molest" is a synonym for "annoy." Even the dictionary definition of "molest" cited by the majority belies that statement because molesting is not just annoying, but includes a requirement that the molestation be "with hostile intent or injurious effect."[2] Thus, a component of mens rea or criminal intent is added to the statute when molestation is charged. While the only way we can determine what is "annoying" is to look at the reaction of the alleged victim, we can determine "molesting" by the acts and intent of the perpetrator. The ordinary meaning of the word is sufficient to limit the conduct proscribed and to warn an average person of the conduct prohibited.[3]
NRS 207.260 should be declared unconstitutionally vague to the extent that it prohibits "annoying," but not to the extent it prohibits "molesting." This is not judicially rewriting the statute, but rather limiting the applicability to the portion that does not offend the Constitutions of the United States and the State of Nevada.
MAUPIN and BECKER, JJ., concur.
NOTES
[1] NRS 207.260 was amended in 2001. See 2001 Nev. Stat., ch. 560, § 10, at 2789. This opinion does not address the amended version of the statute; it considers NRS 207.260 solely as it existed in September 2000, when Charles was charged. See 1995 Nev. Stat., ch. 443, § 185, at 1240.
[2] We are informed that, in considering the identical issue in an unrelated case, another district court judge concluded that NRS 207.260 is not unconstitutional because it conveys a "sufficiently definite warning as to the [proscribed] conduct so as to enable a person of ordinary intelligence to understand what conduct was forbidden."
[3] State of Nevada v. Dist. Ct., 116 Nev. 127, 134, 994 P.2d 692, 696-97 (2000).
[4] See also NRS 34.020(3) (permitting this court's review by certiorari where the district court has ruled on the constitutionality of a statute or ordinance at issue in a municipal court prosecution).
[5] 527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (plurality opinion).
[6] Id. at 52, 119 S.Ct. 1849 (quoting Broadrick v. Oklahoma, 413 U.S. 601, 612-15, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); citing Kolender v. Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).
[7] Kolender, 461 U.S. at 357, 103 S.Ct. 1855.
[8] Morales, 527 U.S. at 55-56, 119 S.Ct. 1849.
[9] 103 Nev. 560, 746 P.2d 643 (1987).
[10] 105 Nev. 317, 775 P.2d 219 (1989).
[11] 112 Nev. 1269, 927 P.2d 14 (1996).
[12] 109 Nev. 569, 570, 855 P.2d 125, 125 (1993).
[13] See Eaves v. Board of Clark Co. Comm'rs, 96 Nev. 921, 620 P.2d 1248 (1980) (holding that ordinance prohibiting escort services was void for vagueness under the Nevada and United States Constitutions); In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967) (holding that a Reno Municipal Code requiring banks to pay a licensing fee in certain circumstances and making it unlawful to carry on a business without a license was unconstitutionally vague).
[14] When a statute raises First Amendment concerns, the appropriate facial challenge is generally a claim dependent upon the overbreadth doctrine, rather than the void for vagueness doctrine. The overbreadth doctrine provides that a law is void on its face if it "sweeps within its ambit other activities that in ordinary circumstances constitute an exercise of" protective First Amendment rights, such as the right to free expression or association. Thornhill v. Alabama, 310 U.S. 88, 97, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).
[15] See Morales, 527 U.S. at 56-59, 119 S.Ct. 1849.
[16] U.S. Const. amend XIV; Nev. Const. art. 1, § 8.
[17] United States v. Harriss, 347 U.S. 612, 617-18, 74 S.Ct. 808, 98 L.Ed. 989 (1954); Cunningham, 109 Nev. at 570, 855 P.2d at 125.
[18] Morales, 527 U.S. at 58-59, 119 S.Ct. 1849.
[19] Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).
[20] Id.
[21] 1995 Nev. Stat., ch. 443, § 185, at 1240 (emphasis added). NRS 207.260(1)(a), as amended, now provides "a person who annoys or molests or attempts to annoy or molest a minor, including, without limitation, soliciting a minor to engage in unlawful sexual conduct, is guilty of ... a misdemeanor." 2001 Nev. Stat., ch. 560, § 10, at 2789. Sexual conduct is defined in NRS 200.700(3). As noted, this opinion does not address whether the current amended version of NRS 207.260 is sufficiently specific to withstand a constitutional attack. That question is well beyond the scope of the matter before us. See State v. Teeter, 65 Nev. 584, 200 P.2d 657 (1948) (recognizing that this court will only decide actual controversies, not abstract questions that do not affect the matter in issue), overruled in part on other grounds by Ex Porte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965).
[22] Merriam Webster's Collegiate Dictionary 47 (10th ed.1997).
[23] Id. at 749.
[24] 402 U.S. at 611 n. 1, 91 S.Ct. 1686.
[25] Id. at 614, 91 S.Ct. 1686 (quoting Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)).
[26] In so concluding, we recognize there is disagreement on the use of the term "annoy" with reference to a standard of conduct. Some jurisdictions have held that statutes employing the term were void for vagueness. See, e.g., Langford v. City of Omaha, 755 F.Supp. 1460 (D.Neb.1989); Poole v. State, 524 P.2d 286 (Alaska 1974); People v. Norman, 703 P.2d 1261 (Colo. 1985); State v. Bryan, 259 Kan. 143, 910 P.2d 212 (1996); City of Spokane v. Fischer, 110 Wash.2d 541, 754 P.2d 1241 (1988). Others, however, have concluded that statutes employing the terms "annoy" or "molest" were sufficiently definite. See, e.g., Chaplinsky v. New Hampshire, 315 U.S. 568, 569-72, 62 S.Ct. 766, 86 L.Ed. 1031 (1942) (upholding statute that punished "offensive, derisive or annoying" words on basis of "fighting" words construction given by state courts); Fernandez v. Klinger, 346 F.2d 210 (9th Cir.1965); Matter of Maricopa County Juv. Action, 172 Ariz. 604, 838 P.2d 1365 (Ct.App.1992); People v. Thompson, 206 Cal.App.3d 459, 253 Cal.Rptr. 564 (1988); State v. King, 303 S.W.2d 930 (Mo.1957).
[27] See Morales, 527 U.S. at 60-61, 119 S.Ct. 1849.
[28] See Kolender, 461 U.S. at 357-60, 103 S.Ct. 1855.
[29] Id. at 358, 103 S.Ct. 1855 (quoting Smith v. Goguen, 415 U.S. 566, 575, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974)).
[30] U.S. Const. amend. XIV; Nev. Const. art. 1, § 8.
[31] NRS 193.190 provides that "[i]n every crime or public offense there must exist a union, or joint operation of act and intention, or criminal negligence."
[32] NRS 194.010(6), as it existed prior to the 2001 amendment, provided that a person is not criminally liable in instances where he "committed the act or made the omission charged, through misfortune or by accident, when it appears that there was no evil design, intention or culpable negligence." 1995 Nev. Stat., ch. 637, § 34, at 2467.
[33] United States v. Evans, 333 U.S. 483, 486, 68 S.Ct. 634, 92 L.Ed. 823 (1948).
[34] See generally id.
[35] United States v. Reese et al., 92 U.S. 214, 221, 23 L.Ed. 563 (1875).
[1] Chicago v. Morales, 527 U.S. 41, 49-50, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (internal quotation marks and citation omitted).
[2] See majority opinion ante p. 481.
[3] Graham v. State, 362 So.2d 924, 925 (Fla.1978); see also Annotation, Vagueness as Invalidating Statutes or Ordinances Dealing with Disorderly Persons or Conduct, 12 A.L.R.3d 1448, 1452 (1967).