**Edward PHELPS, Petitioner–Appellant,**

v.

**Michael BUDGE, et al., Respondents–Appellees.**

**No. 05–16242.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2006.

Decided July 3, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Edward Phelps, Carson City, NV, pro se.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Victor Hugo Schulze, II, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,[*] District Judge.

## MEMORANDUM [**]

Appellant Edward Phelps was convicted by a jury of second-degree murder with the use of a deadly weapon, in violation of NEV.REV.STAT. § 193.165(5)(b) (1996), for placing his co-worker, Billy Matthews, in a commercial trash compactor and crushing him to death. After exhausting his appeals in state courts, which rejected his vagueness challenge on an "as applied" basis, he petitioned for federal habeas relief by under 28 U.S.C. § 2254, arguing that Nevada's deadly weapon enhancement, NEV.REV.STAT. § 193.165, is unconstitutionally vague. NEV.REV.STAT.

---

[*] The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 193.165(5) defines a deadly weapon, and paragraphs (a) and (b) incorporate two tests, referred to in Nevada case law as the "inherently dangerous test" and the "functional test." The question on appeal refers to the alleged vagueness of the "functional test," which defines a "deadly weapon" as follows:

> Any weapon, device, instrument, material or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing substantial bodily harm or death.

NEV.REV.STAT. § 193.165(5)(b).

The district court denied Appellant's petition and held that the statute was not vague. We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition. *See Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004), *cert. denied,* — U.S. ——, 126 S.Ct. 484, 163 L.Ed.2d 368 (2005). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas relief only if the state court's decision on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ 1. Appellant argues that the Nevada courts failed to apply the Supreme Court's precedent in *Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), and *City of Chicago v. Morales,* 527 U.S. 41, 52–56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (plurality), which involved facial vagueness challenges to criminal statutes. Although these cases suggest that a criminal statute may be facially challenged for vagueness, federal law does not clearly require a facial analysis of all criminal statutes. *See Schwartzmiller v. Gardner,* 752 F.2d 1341, 1346 (9th Cir.1984) ("The threshold question in any vagueness challenge is whether to scrutinize the statute for intolerable vagueness on its face or whether to do so only as the statute is applied in the particular case."). In contrast to this case, which does not involve any constitutionally protected activity, *Morales* involved a law that "infringe[d] on constitutionally protected rights. When vagueness permeates the text of such a law, it is subject to facial attack." *Morales,* 527 U.S. at 55, 119 S.Ct. 1849 (citation omitted). We have also previously rejected the notion that the *Kolender* standard imposes a requirement that all criminal statutes be subject to facial review. *See Schwartzmiller,* 752 F.2d at 1348 ("If *Kolender* expands the availability of facial vagueness review, however, it does so only if the challenger at least demonstrates implication of a substantial amount of constitutionally protected conduct.") (internal quotation marks omitted). The statute at issue in this case does not involve any constitutionally protected rights and we reject the suggestion that "vagueness permeates" its text and now discuss how Appellant has failed, in any event, to successfully attack the statute for facial vagueness.[1]

■ 2. Even if we were to conduct a facial analysis like that conducted in *Mor-*

---

**1.** While we decline to interpret state law on this point, we note that the state case relied upon by Appellant, which does not control our decision, similarly suggests that a facial analysis is appropriate only "if the penal stat- ute is so imprecise[] and vagueness so permeates its text." *City of Las Vegas v. Eighth Judicial Dist. Court ex rel. County of Clark,* 118 Nev. 859, 59 P.3d 477, 480 (2002).

*ales,* Appellant has failed to show that the statute inhibits constitutionally protected conduct or "fails to establish standards for the police and public that are sufficient to guard against arbitrary deprivation of liberty interests." *Morales,* 527 U.S. at 52, 119 S.Ct. 1849. Vagueness may invalidate the statute at issue "if it fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits" or because "it may authorize and even encourage arbitrary and discriminatory enforcement." *Id.* at 56, 119 S.Ct. 1849. While Appellant is correct in that a variety of items that are not designed to be used as a weapon, such as the commercial trash compactor in this case, could be included in this definition, we conclude that a definition that incorporates the manner of an item's use is not necessarily unconstitutionally vague on its face. The statute at issue provides adequate notice to the police and public of what conduct it prohibits and does not invite arbitrary or discriminatory enforcement. The statute does not penalize the use of any object that happens to, through some freak event, cause death, but instead is limited to items that are "readily capable" of causing death in light of the manner in which they are used. This definition does not, by design, lend itself to providing a list of such items *ex ante,* but "mathematical certainty" is not required or always possible. *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Penal statutes may employ flexible standards if it "is clear what the ordinance as a whole prohibits," *id.,* and so long as they identify the prohibited conduct with "sufficient definiteness," *Kolender,* 461 U.S. at 357, 103 S.Ct. 1855.

Appellant suggests that federal law requires that his facial challenge must succeed because "where a statute criminalizes conduct, the law may not be impermissibly vague in any of its applications." *Forbes v. Napolitano,* 236 F.3d 1009, 1012 (9th Cir.2000). This is not the law. The quoted language from *Forbes* was amended by this court to provide that a "law may be invalidated on vagueness grounds even if it could conceivably have some valid application." *Forbes v. Napolitano,* 236 F.3d 1009, 1012 (9th Cir.2000). Our circuit subsequently went further and explicitly declined to apply the plurality's similar holding in *Morales,* absent an adoption of the holding by a majority of the Supreme Court. *See Hotel & Motel Ass'n of Oakland v. City of Oakland,* 344 F.3d 959, 972 (9th Cir.2003) ("Until a majority of the Supreme Court directs otherwise, a party challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of its applications.'" (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982))). We are unmoved, under any standard, by the creative hypothetical situations offered by Appellant and are convinced that the *Morales* plurality did not intend to void statutes that are not vague in most situations. *See Hill v. Colorado,* 530 U.S. 703, 733, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000) ("[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications.") (internal quotation marks omitted).

■ 3. The Nevada Supreme Court's determination that the statute, as applied to Appellant, is not impermissibly vague is reasonable because a person of ordinary intelligence should be able to discern that an operating commercial trash compactor would be "readily capable" of killing a

**620**

person placed within it.[2] Therefore, we conclude that Appellant has failed to successfully challenge Nᴇᴠ.Rᴇᴠ.Sᴛᴀᴛ. § 193.165(b) for vagueness on either an "as applied" or a facial basis.

**AFFIRMED.**

---

2. We reject Appellant's attempts to have us interpret state law insofar as Nevada courts may have rejected the "functional test" prior to the enactment of Nᴇᴠ.Rᴇᴠ.Sᴛᴀᴛ. § 195.163. This argument is contrary to the Nevada legislature's intent to adopt the "functional test." *See Hernandez v. State,* 118 Nev. 513, 50 P.3d 1100, 1110 (2002) (per curiam).

