# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT ALAN ROGINSKY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75742

FILED

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

In his 2017 petition, appellant claimed that his 2015 conviction for violating the conditions of lifetime supervision was invalid pursuant to *McNeill v. State*, 132 Nev., Adv. Op. 54, 375 P.3d 1022 (2016), which held that the imposition of conditions on lifetime supervision that are not enumerated in NRS 213.1243 violates the statute's plain language and the separation-of-powers provision in the Nevada Constitution. As appellant filed his petition more than one year after entry of the judgment of conviction, his petition was untimely filed.[1] *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.* Appellant could demonstrate cause for the delay by showing that "the legal basis for a claim was not reasonably available" during the statutory one-year time period. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

---

[1]Appellant did not file a direct appeal.

19-13938

Appellant argues that the decision in *McNeill* provides good cause for the delay in filing his petition. We disagree. To provide good cause, the decision sought to be applied must announce a new rule, otherwise the legal basis for the claim was reasonably available during the statutory time period. *See id.* If the court's prior decision interpreting a statute is *dictated* by existing precedent, or even by the statute's plain language, the decision is not new; it simply states the existing law. *See Ennis v. State*, 122 Nev. 694, 699-700, 137 P.3d 1095, 1099 (2006); *Clem v. State*, 119 Nev. 615, 622-26, 81 P.3d 521, 526-29 (2003); *Colwell v. State*, 118 Nev. 807, 819, 59 P.3d 463, 472 (2002). Such is the case with *McNeill*, which was based on the plain language of NRS 213.1243, applied well-established principles regarding delegation of the power to legislate, and overruled no precedent. Thus, *McNeill* did not announce a new rule and does not excuse appellant's delay in filing in the petition.[2]

Appellant argues that he may nevertheless overcome the procedural time bar because he is actually innocent. A petitioner may overcome a procedural bar by demonstrating that he is actually innocent such that failure to consider his petition would result in a fundamental miscarriage of justice. *See Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006); *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Here, appellant is actually innocent of the offense of violating the conditions of lifetime supervision because his conduct as alleged in the charging documents and as admitted at the plea canvass did not violate a condition enumerated in NRS 213.1243. Because his conduct was not criminal, it follows that his conviction was invalid, *see Lyons v. State*, 105

---

[2]Because *McNeill* merely stated existing law, retroactivity is not at issue in this case.

Nev. 317, 323, 775 P.2d 219, 223 (1989) ("It would be an affront to justice and due process to hold [the defendant] to his plea when the conduct upon which the plea was entered did not occur and when the underlying conduct upon which the original charges were based was not criminal.")[3], and his trial counsel was ineffective for not challenging the charge before he entered a guilty plea, *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (recognizing that trial counsel is constitutionally ineffective when a petitioner demonstrates that trial counsel's performance was deficient and resulting prejudice).[4] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court with instructions to vacate the 2015 judgment of conviction.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. Eric Johnson, District Judge
       Special Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]The portion of the decision in *Lyons* relating to the mechanics of a vagueness challenge was abrogated later by *City of Las Vegas v. Eighth Judicial Dist. Court*, 118 Nev. 859, 59 P.3d 477 (2002), which was later abrogated by *State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010).

[4]Notably, it does not appear nor is it asserted that any other charges were forgone by the State in exchange for appellant's guilty plea in this case.