IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF HENDERSON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TREVOR L. ATKIN, DISTRICT JUDGE,
Respondents,
and
STEVEN CULLEN,
Real Party in Interest.

No. 81714



FILED

MAY 06 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of certiorari challenges a district court order granting a petition for a writ of mandamus and ordering a jury trial in municipal court. The City of Henderson (the City) charged real party in interest Steven Cullen with misdemeanor battery constituting domestic violence under NRS 200.485 in Henderson Municipal Court. Cullen demanded a jury trial, relying on *Andersen v. Eighth Judicial Dist. Court*, 135 Nev. 321, 322-24, 448 P.3d 1120, 1122-23, 1124 (2019), which held that misdemeanor battery constituting domestic violence under NRS 200.485(1)(a) is a "serious offense" that entitles the accused to a jury trial. The City then amended the complaint to charge Cullen under newly enacted municipal code provision that is basically identical to NRS 200.485. Cullen unsuccessfully moved to dismiss the complaint. He then challenged the municipal court's decision in an original petition for a writ of mandamus filed in the district court, asserting that charging him under the municipal code provision violated the Ex Post Facto Clause and that the municipal code provision was preempted by NRS 202.360(1)(a) and NRS 266.321. The

22-14589

district court granted the petition with instructions to the municipal court to conduct a jury trial. The City filed the instant petition to challenge the district court's decision.

During the pendency of this petition, the Legislature passed, and the governor signed, A.B. 42, which expressly authorizes municipal courts to hold jury trials for "any matter" within its jurisdiction, which includes misdemeanor battery constituting domestic violence. 2021 Nev. Stat., ch. 253, § 8, at 1314; *see also* NRS 5.050(2). The Legislature also amended NRS 202.360(1)(a) so that it no longer relies on federal law to define what constitutes the crime of domestic violence. 2021 Nev. Stat., ch. 253, § 13, at 1320. The amended version restricts the right to possess a firearm when a person "[h]as been convicted of the crime of battery which constitutes domestic violence pursuant to NRS 200.485, or a law of any other jurisdiction that prohibits the same or substantially similar conduct, committed against or upon" certain persons in a domestic relationship with the perpetrator. *Id.* The bill became effective on January 1, 2022, and applies to offenses committed before that date if they are "pending or otherwise unresolved on January 1, 2022." *Id.* § 17, at 1324. Because the case against Cullen remains pending in municipal court, the 2021 amendments apply and afford him the right to a jury trial and the municipal court authority to conduct that trial.

Given A.B. 42, we decline to exercise our discretion to intervene in this matter.[1] *See Zamarripa v. First Judicial Dist. Court*, 103 Nev. 638,

---

[1]We note that the City could have appealed the district court's order granting mandamus relief, *see* NRS 2.090(2) (providing a right to appeal from order granting mandamus relief), and a writ of certiorari generally will not issue if the petitioner has "any plain, speedy and adequate remedy."

640, 747 P.2d 1386, 1387 (1987) ("A writ of certiorari is an extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the discretion of this court."). The passage of A.B. 42 rendered most of the City's contentions moot. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (holding that later events may render a once-live controversy moot). The district court's conclusion that municipal courts may conduct jury trials is correct under current law, and the firearm prohibition, which was the basis for its conclusion that the ordinance conflicted with state law, now applies equally to convictions under municipal or state law.

The district court arguably erred in concluding that prosecuting Cullen under the municipal ordinance violated the Ex Post Facto Clause because Cullen's alleged conduct was already proscribed by NRS 200.485, and the ordinance did not increase the potential punishment. *See State v. Nakata*, 878 P.2d 699, 715 (Haw. 1994) (finding no ex post facto violation when defendants were prosecuted under a statute amended after the charged conduct that reduced the penalty for DUI and eliminated right to jury trial for the offense); *see also Weaver v. Graham*, 450 U.S. 24, 29 (1981) (explaining that a law violates the Ex Post Facto Clause when it retroactively punishes conduct that occurred before its enactment or disadvantages the offender). However, this error is not, in and of itself, sufficient to warrant our intervention. The amendments contained in A.B. 42, which permit municipal courts to conduct jury trials and impose the firearm prohibition for convictions under both the statute and ordinance,

---

NRS 34.020(2); *Ashokan v. State, Dep't. of Ins.*, 109 Nev. 662, 665, 856 P.2d 244, 246 (1993) ("This court has generally declined to entertain petitions for review of a district court decision where that decision was appealable.").

render any split in the lower courts over whether individuals can be prosecuted under the ordinance for conduct occurring before its enactment unlikely to persist.[2] *Cf. State v. Second Judicial Dist. Court (Epperson),* 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004) (entertaining writ petition to clarify important issue of law); *City of Las Vegas v. Eighth Judicial Dist. Court (Charles),* 118 Nev. 859, 861 & n.4, 59 P.3d 477, 479 & n.4 (2002) (entertaining writ petition to resolve split among lower courts), *abrogated on other grounds by State v. Castaneda,* 126 Nev. 478, 245 P.3d 550 (2010).

For these reasons, we

ORDER the petition DENIED.[3]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:    Chief Judge, Eighth Judicial District Court
        Department 8, Eighth Judicial District Court
        Henderson City Attorney
        The Pariente Law Firm, P.C.
        Eighth District Court Clerk

---

[2]Contrary to the argument in Cullen's opposition to the City's notice of supplemental authorities, the municipal code provision says nothing about whether a person convicted under it retains the right to possess a firearm. That question is only addressed by NRS 202.360(1)(a), which now encompasses convictions under the municipal code provision.

[3]The motion and amended motion to strike the reply brief and appendix are denied.

The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.